26  1
74 320

FREDERICK CURTIS and another *vs.* ANSON L. BEMIS.

Where a negotiable note, indorsed in blank, is transferred by delivery during the pendency of a suit thereon, so that the legal title to the note vests in the party to whom it is transferred, the action can not be further maintained.

And it makes no difference that the party transferring the note agrees at the time of the transfer that the suit may proceed in his name for the benefit of the party to whom it is transferred.

ASSUMPSIT on the following note: " Meriden, Feb. 6, 1853. On the first day of January, 1854, I promise to pay to the order of Patrick J. Clark, four hundred dollars, value received, with interest from date. Anson L. Bemis." The note was indorsed in blank by the payee. The plaintiffs were the holders of the note at the time the suit was brought, but during the pendency of the suit had transferred it by delivery, without further indorsement, to one Charles Storrs, who at the time of the trial was the holder and owner thereof. At the time when the transfer was made, it was expressly agreed between the plaintiffs and the said Storrs, that the latter

should carry on the suit for his own benefit, and be at liberty to use the name of the plaintiffs for the purpose.

The defendant claimed that by reason of the transfer of the note the suit could be no further maintained, and the case was reserved on these facts for the advice of this court.

*C. E. Perkins*, for the plaintiffs.

The case of *Lee* v. *Jilson*, 9 Conn., 94, is cited as a decisive authority against us; and we admit that it is so unless this case can be distinguished from it. We claim that it can be.

1. In this case the note was indorsed in blank, and transferred by mere delivery and not by indorsement. It could therefore have been sued in the name of any person, and the blank indorsement filled up with his name at the trial. *Gage* v. *Kendall*, 15 Wend., 640. *Bradford* v. *Bucknam*, 12 Maine, 15. If it could have been sued in the name of Curtis when Storrs held it, the fact that Storrs now holds it can not be an objection to the maintenance of the suit.

2. In this case there was an agreement that the suit should proceed in the plaintiffs' name for the benefit of Storrs. This left a sufficient interest in the plaintiffs to enable them to maintain the suit. Further, this very incident is remarked upon by the court in the case of *Lee* v. *Jilson*, as one which might materially alter the case. The defendant can not be injured by a judgment against him on the note in favor of the plaintiffs, since such a judgment would be a bar to a suit in favor of Storrs, and the defendant can not be compelled to pay any more than he justly owes. *Gage* v. *Kendall*, supra.

*Doolittle*, for the defendant.

1. A negotiable note indorsed in blank is transferable by mere delivery. *Clark* v. *Sigourney*, 17 Conn., 511. *Brown* v. *Brown*, 18 id., 410.

2. He only can sustain the suit, who has the legal title. 1 Chit. Pl., 2, et seq. *Lee* v. *Jilson*, 9 Conn., 94. And the last authority decides expressly that where the plaintiff has parted

with the legal title during the pendency of the suit, the action can no longer be maintained.

3. The agreement of the parties in this case, that the suit should proceed in the name of the original plaintiffs, can not alter the case, for the parties could not by their agreement alter the law. *Mitchell* v. *Kirtland*, 7 Conn., 230. *Perkins* v. *Perkins*, 7 id., 558.

STORRS, C. J. The plaintiffs having had at the commencement of this suit, the legal title to the note in question, by indorsement to them by the payee, and having afterward assigned and transferred it by delivery, although without their indorsement, to Storrs, who is now the holder and owner thereof, the legal title to the note is clearly now vested in the latter, and the case of *Lee* v. *Filson* & al., 9 Conn., 94, is in point to show that the present action can not be further maintained by the plaintiffs, unless it can be distinguished from that case, and relieved from its application, by the circumstance that, when the plaintiffs transferred the note to Storrs, it was agreed between them that the latter should carry on this suit for his own benefit, and be at liberty to use the plaintiffs' name for that purpose. With a strong desire to continue the benefit of this suit to the real owner of the note, we do not perceive how we can do so without disregarding the well-settled principle, which is a general if not an universal one, that the right of action at law is vested solely in the party having the strict legal title and interest in the claim sought to be enforced, in exclusion of the mere equitable interest; from which it results that the action on a contract must be brought and maintained in the name of the party in whom the legal interest in such contract is vested. As stated by Mr. Chitty, the courts of law will not in general notice mere equitable rights, as contradistinguished from the strict legal title and interest, so as to invest the equitable or merely beneficial claimant with the ability to adopt legal proceedings in his own name; although the equitable right embrace the most extensive or even the exclusive interest in the benefit to be derived from the contract or subject matter

of litigation. 1 Chit. Pl., 2. If this be not an invariable rule, we see nothing in the present case by which it can be regarded as an exception to it. The plaintiffs parted with the title upon which alone they could bring or maintain the action. An agreement that they should afterward be treated as the legal owners, and that the suit should be continued in their names, plainly could not make them such owners, nor confer on the court jurisdiction to proceed with it. The plaintiff has referred to the expression in the opinion of the court in *Lee* v. *Jilson,* in which they remark that they refrain from saying what might have been the effect of an agreement in that case, on the part of the assignee of the note, that the suit should be prosecuted in the name of the payee. We think it is obvious that by that remark they did not intend to qualify the principle previously laid down and on which that case was decided, that the action must be commenced and sustained by him who has the legal interest; but only to allude to the effect of such an agreement, as matter of evidence, in determining the question of fact whether the legal interest in the note was intended to be transferred. The facts found in this case preclude such a question.

We therefore advise judgment for the defendant.

In this opinion the other judges concurred.

Judgment for defendant advised.