WILLIAM E. HAGEARTY ET AL. *vs.* EDWIN M. RYAN
ET AL.

MALTBIE, C. J., HINMAN, AVERY, BROWN and JENNINGS, Js.

Argued October 8th—decided December 9th, 1937.

*Edwin M. Ryan* (pro se), with whom, on the brief, was *Nicholas E. St. John,* for the appellant (named defendant).

*Charles Albom,* with whom, on the brief, was *Arthur Klein,* for the appellees (plaintiffs).

AVERY, J. This action was originally brought by William E. Hagearty, as plaintiff, against the defendants Burns, Ryan and Levantine, under General Statutes, § 5035, to remove a cloud from the title of certain real estate which the plaintiff claimed to own in Hartford. Burns was dropped as a defendant after the institution of the action; and, after the service of the writ, the New England Brewing Company was joined as a party plaintiff. The real controversy was between that plaintiff and the defendant Ryan, the defendant Levantine having failed to appear at the trial.

The essential facts as found by the court are as follows: On July 29th, 1933, The Newland Corporation was the owner of certain premises in Hartford upon which there was a mortgage owned by Howard W. Gault, for $50,000; and, on that day, receivers were appointed for the corporation in actions brought in the United States District Court. Receivers' certificates were issued in various amounts to Joseph DeMarco for moneys loaned by him to the receivers. The appellant is an attorney at law and between August 24th, 1934, and January 31st, 1936, he rendered professional services to DeMarco in establishing the priority of the lien of the certificates upon the premises; and decrees were entered in the United States District Court, upon proceedings instituted by that defendant on behalf of DeMarco, establishing that certain of these receivers' certificates were liens upon the land prior to all others except taxes and that certain other of the certificates were liens upon the land prior to all others except taxes and the first mortgage owned by Gault. The owner of the mortgage brought foreclosure and secured final judgment on

February 8th, 1936. In this judgment the receivers' certificates owned by DeMarco were given priority in accordance with the decrees theretofore entered in the United States District Court. On February 19th, 1936, the defendant Ryan caused copies of the two decrees of the United States District Court establishing the priorities of the receivers' certificates owned by De-Marco to be recorded in the land records of Hartford; and, on the same day, he caused to be recorded in the land records a notice that he claimed a lien upon the certificates and upon the premises for his legal services. After title had passed in the foreclosure proceeding the premises were conveyed to the plaintiff William E. Hagearty; on or about January 31st, 1936, DeMarco's certificates were purchased and paid for; on February 29th DeMarco quitclaimed his interest in the premises to Hagearty; and on April 23d, 1936, Hagearty conveyed the premises by warranty deed to the plaintiff the New England Brewing Company.

The questions involved in this appeal are whether the caveat filed by Ryan constituted notice of such an equitable interest in land as might be recorded under General Statutes, § 5016, and whether the action could be prosecuted by the original plaintiff whose interest in the land had been sold to the New England Brewing Company after the service of the writ, or by the latter company which had no interest at the time the action was instituted.

It is a well established principle that an attorney at law who prosecutes an action on behalf of a client involving the title to or possession of real estate does not, in the absence of a special agreement, acquire a right of lien upon the real estate in dispute for his services unless given such right by statute. *Goodrich* v. *McDonald,* 112 N. Y. 157, 19 N. E. 649; *Morey* v. *Schuster,* 145 N. Y. Sup. 258, affirmed 217 N. Y. 639,

112 N. E. 1066; *Holmes* v. *Waymire*, 73 Kan. 104, 105, 84 Pac. 558; *Humphrey* v. *Browning*, 46 Ill. 476; *Keehn* v. *Keehn*, 115 Iowa, 467, 471, 88 N. W. 957; 6 C. J. 780; 7 C. J. S. 1174; 5 Am. Jur. 404; 93 A. L. R. 670. It follows that as the defendant Ryan obtained no right of lien upon the real estate of DeMarco for his legal services in establishing the priority of the receivers' certificates, the notice filed by him upon the land records of the city of Hartford claiming an attorney's lien for such services was upon its face no notice of any interest in the real estate affected. The plaintiff The New England Brewing Company, therefore, was entitled to a judgment establishing its title to the premises and that the defendant had no title.

The writ in this action was served and the case returned to court on the first Tuesday of April, 1936, and it appears that on April 23d, 1936, the plaintiff William E. Hagearty conveyed the premises to the New England Brewing Company which was thereafter made a party plaintiff by motion. Subsequently the defendant filed a demurrer to the complaint stating that the New England Brewing Company could not maintain the suit as it was not an owner of the property at the time the suit was instituted, and that the plaintiff William E. Hagearty could not maintain the suit in that it appeared from the complaint that he had sold his interest. This contention is without merit. At common law the rule was that upon the assignment by a sole plaintiff of his entire interest in the subject-matter of the action, his cause of action ceased to exist. *Lee* v. *Jilson*, 9 Conn. 94, 96; *Curtis* v. *Bemis*, 26 Conn. 1, 3; 1 C. J. S. 148. When in 1879 our Practice Act was adopted one provision was that "new parties may be added, and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the cause, as it may deem the

interests of justice to require." Public Acts, 1879, Chap. 83, § 16; General Statutes, § 5522. In some of the codes of pleading adopted in other states there is a specific provision permitting one to whom the plaintiff has transferred his title, right or interest during the pendency of the action to intervene. *Mooney* v. *New York Elevated R. Co.,* 163 N. Y. 244, 248, 57 N. E. 496. That the broad provision of our statute was intended to cover such a situation is shown by this circumstance: There was in existence in 1879 the statute which permits an equitable and bona fide owner of a chose in action not negotiable to sue thereon in his own name; Public Acts, 1864, Chap. 6; General Statutes, § 5531; among the rules adopted to carry out the provisions of the Practice Act was one providing that if, pending the action, the plaintiff should assign the cause of action, the assignee, upon written application, might either be joined as a co-plaintiff or substituted as a sole plaintiff, as the court might order; Practice Book, 1934, § 21; and as no other provision in the Practice Book would furnish a basis for such a rule it must be referable to the provision we have quoted from § 5522.

Moreover, one purpose of the Practice Act was to avoid unnecessary litigation. *Hubley Mfg. & Supply Co.* v. *Ives,* 81 Conn. 244, 256, 70 Atl. 615. If when the plaintiff in such an action as the one before us transfers his interest in the subject-matter during its pendency, the action were to abate, the result would usually be that a new action would be instituted. In a broad sense the continuance of the action, with a joinder or substitution as plaintiff of the party to whom the transfer is made, would serve the "interests of justice." Pomeroy, Code Remedies (5th Ed.) § 319. Under the provisions of § 5522, the New England Brewing Company could properly be joined as plain-

tiff and the action thereafter pursued to judgment. The court did not err in overruling the defendants' demurrer.

There is no error.

In this opinion the other judges concurred.