## Federal Deposit Insurance Corporation *v.* Retirement Management Group, Inc., et al. (10668)

Landau, Freedman and Schaller, Js.

Argued January 19—decision released April 20, 1993

*Patrick W. Boatman,* for the appellants (defendants).

*Donald E. Frechette,* with whom, on the brief, was *Paul N. Gilmore,* for the appellee (plaintiff Federal Deposit Insurance Corporation).

FREEDMAN, J. The defendants[1] appeal from the deficiency judgment rendered by the trial court pursuant to General Statutes § 49-14 in this mortgage foreclosure action. The defendants claim that (1) the trial court lacked jurisdiction to render the deficiency judgment because the motion for a deficiency judgment was not filed by a party within the time period set forth in § 49-14 (a),[2] (2) the trial court could not permit a substitute plaintiff to enter the case after title to the real property had vested in another party pursuant to the judgment of strict foreclosure, (3) the substitute plaintiff failed to prove that it was the owner of the claim that was the subject of the judgment of strict foreclosure, and (4) the trial court improperly limited the deficiency proceeding to a determination of the value of the property at the time title passed, excluding evidence concerning the mortgage holder's delay in pursuing the judgment of strict foreclosure. We affirm the judgment of the trial court.

[1] In addition to the named defendant, Kenneth J. Messier, Howard P. Chamberlain, David W. Kazarian, H. D. K. Residence Associates and Cedar Woods, Inc., were named as defendants and are parties to this appeal.

[2] General Statutes § 49-14 (a) provides in pertinent part: "At any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment. . . ."

On or about August 31, 1990, the Connecticut Bank and Trust Company, N.A. (CBT), commenced this action alleging, inter alia, the nonpayment of two promissory notes and seeking to foreclose certain mortgages that CBT held on real property located in Branford. Shortly after the return of this matter to the Superior Court on October 2, 1990, the defendants informed CBT of their willingness to consent to a judgment of strict foreclosure. CBT proceeded to secure defaults and filed its motion for judgment of strict foreclosure on November 14, 1990. The defendants filed a disclosure of no defenses and consent to entry of strict foreclosure on December 18, 1990.

On January 6, 1991, the Federal Deposit Insurance Corporation (FDIC) was named as CBT's receiver. On that day, FDIC, acting as CBT's receiver, transferred virtually all of CBT's assets to the New Connecticut Bank and Trust Company, N.A. (New CBT).

On January 28, 1991, a hearing was conducted on CBT's motion for strict foreclosure. At the hearing, CBT moved to substitute FDIC as the plaintiff, alleging that FDIC was the holder of the notes and mortgages. That assertion was, however, incorrect since CBT's assets, including the notes and mortgages that are the subject of this action, had been assigned by FDIC to New CBT. Nonetheless, FDIC was substituted as plaintiff without objection. Thereafter, the court rendered a judgment of strict foreclosure, determined the amount of the debt and set February 20, 1991, as the first law day.

On February 19, 1991, FDIC filed a motion to substitute New CBT as the plaintiff. Thereafter, on February 27, 1991, title to the property vested in FDIC pursuant to the judgment of strict foreclosure. At that time, the motion to substitute New CBT as the plaintiff had not yet been heard.

A motion for deficiency judgment was filed on March 14, 1991. In its body, the motion recited that the plaintiff was New CBT, the assignee of FDIC, the receiver for CBT.

On June 26, 1991, the trial court, over the defendant's objection, granted the motion to substitute New CBT as plaintiff for purposes of the deficiency proceeding. The trial court then began hearing evidence regarding the motion for deficiency judgment. Further evidence was taken on June 27 and July 9, 1991. On July 11, 1991, FDIC dissolved New CBT and appointed itself as receiver of New CBT. On September 3, 1991, FDIC moved to be substituted in its capacity as receiver of New CBT as the plaintiff in place of New CBT. On September 12, 1991, the court granted the motion to substitute FDIC as plaintiff and rendered a deficiency judgment against the defendants in the amount of $1,276,752.06. This appeal followed.

General Statutes § 49-1 provides that "[t]he foreclosure of a mortgage is a bar to any further action upon the mortgage debt, note or obligation against the person or persons who are liable for the payment thereof who are made parties to the foreclosure . . . ." General Statutes § 49-14 furnishes an exception to § 49-1 by providing that, "[a]t any time within thirty days after the time limited for redemption has expired, any party to a mortgage foreclosure may file a motion seeking a deficiency judgment." The defendants assert that because the motion for a deficiency judgment was filed by New CBT on March 14, 1991, when New CBT was not yet a party to the proceedings, no party to the proceedings sought a deficiency judgment within thirty days after the time limited for redemption had expired, and, therefore, the trial court lacked the authority to grant a deficiency judgment in this action. We disagree.

The defendants correctly point out that strict compliance with the procedural requirements of § 49-14 is required in order to permit the trial court to render a deficiency judgment in a mortgage foreclosure action. See *Simsbury Bank & Trust Co.* v. *Ray Carlson Lumber Co.,* 154 Conn. 216, 224 A.2d 544 (1966); *People's Holding Co.* v. *Bray,* 118 Conn. 568, 173 A. 233 (1934). Our rules of practice, however, permit the substitution of parties as the interests of justice require. General Statutes §§ 52-108, 52-109; Practice Book §§ 100, 101; see also *United States Trust Co.* v. *DiGhello,* 179 Conn. 246, 247 n.1, 425 A.2d 1287 (1979); *Hagearty* v. *Ryan,* 123 Conn. 372, 195 A. 730 (1937); *Wickes Mfg. Co.* v. *Currier Electric Co.,* 25 Conn. App. 751, 760–61, 596 A.2d 1331 (1991). These rules are to be construed so as to alter the harsh and inefficient result that attached to the mispleading of parties at common law. See *Hagearty* v. *Ryan,* supra, 375–76. General Statutes § 52-108 and Practice Book § 100 provide that "no action shall be defeated by the nonjoinder or misjoinder of parties." General Statutes § 52-109 and Practice Book § 101 allow a substituted plaintiff to enter a case "[w]hen any action has been commenced in the name of the wrong person as plaintiff . . . ." Both rules, of necessity, relate back to and correct, retroactively, any defect in a prior pleading concerning the identity of the real party in interest. In the context of analogous rules of federal civil procedure, it has been observed that "[w]here the change is made on the plaintiff's side to supply an indispensable party or to correct a mistake in ascertaining the real party in interest, in order to pursue effectively the original claim, the defendant will rarely be unfairly prejudiced by letting the amendment relate back to the original pleading." F. James & G. Hazard, Civil Procedure (2d Ed. 1977) § 5.7, pp. 167–68. "As long as [the] defendant is fully apprised of a claim arising from specified conduct and

has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. . . . Thus, an amendment substituting a new plaintiff [will] relate back if the added plaintiff is the real party in interest." 6A C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 1501, pp. 154-57; see also *Health Research Group* v. *Kennedy,* 82 F.R.D. 21 (D.D.C. 1979) (substitution of real party in interest as plaintiff permitted to cure lack of standing of original plaintiff). An amendment to pleadings will relate back to its filing, at the very least, and back to the beginning of the action under appropriate circumstances. *Sharp* v. *Mitchell,* 209 Conn. 59, 70-75, 546 A.2d 846 (1988); *Giglio* v. *Connecticut Light & Power Co.,* 180 Conn. 230, 239-40, 429 A.2d 486 (1980); see also *Consolidated Motor Lines, Inc.* v. *M & M Transportation Co.,* 128 Conn. 107, 109, 20 A.2d 621 (1941). We see no reason why our general policy with respect to pleadings should not also apply in the context of the substitution of a plaintiff.

Here, the motion to substitute New CBT as plaintiff was filed before New CBT filed its motion for deficiency judgment. Thus, the motion to substitute New CBT, granted on June 26, related back in time to affect the March 14 motion for deficiency judgment. New CBT was the real party in interest at the time that the motion for deficiency judgment was filed. By operation of our rules of practice, then, the motion for deficiency judgment is deemed to have been properly and timely filed by the proper plaintiff, New CBT. As such, the court had authority to consider and grant the motion pursuant to General Statutes § 49-14.

The defendants next argue that the trial court did not have the authority to grant the FDIC's motion to substitute New CBT as the plaintiff because title to the

mortgaged real property that was the subject of the foreclosure had already vested in the FDIC. The defendants rely on General Statutes § 49-15, which prevents a court from opening and modifying a judgment of strict foreclosure "after the title has become absolute in any encumbrancer." Section 49-15, however, does not apply to the circumstances of this case. The plaintiff did not seek to open the judgment of strict foreclosure. Rather, the motion to substitute was filed in the context of the proceedings on the motion for deficiency judgment.[3] "[T]he deficiency judgment procedure, although procedurally a part of the foreclosure action, serves a separate function of providing for recovery on the balance of the note which was not satisfied by the strict foreclosure." *Maresca* v. *DeMatteo,* 6 Conn. App. 691, 696, 506 A.2d 1096 (1986). The proceedings on a motion for a deficiency judgment, therefore, do not implicate the integrity of the prior, final judgment of strict foreclosure. See *Bank of Stamford* v. *Alaimo,* 31 Conn. App. 1, 622 A.2d 1057 (1993). Here, the substitution of New CBT as the plaintiff for purposes of the deficiency judgment did not open, modify or otherwise affect the foreclosure judgment. Because § 49-15 was not implicated by the substitution of parties allowed by the trial court in the context of the deficiency proceeding, we conclude that the defendants' second claim is without merit.

---

[3] The following colloquy between counsel for the plaintiff and the court makes it clear that the sole purpose of the motion to substitute was to substitute New CBT in the postjudgment deficiency proceedings and was not intended to affect the judgment of strict foreclosure that had already been rendered by the trial court:

"[Counsel]: Judgment of strict foreclosure was entered, Your Honor.

"The Court: And title has vested?

"[Counsel]: Title has vested.

"The Court: Therefore, the only purpose of the substitution would be on a deficiency?

"[Counsel]: That's correct. . . ."

We have reviewed the record and the parties' briefs regarding the defendants' remaining claims on appeal; we find the defendants' arguments on these issues to be without merit.

The judgment is affirmed.

In this opinion the other judges concurred.