[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 14, 1996
The defendant, town of West Hartford, moves to dismiss count five of this tax appeal brought by the plaintiff, Leonard Udolf, on the basis that the court lacks subject matter jurisdiction to entertain this count. The town claims that Leonard Udolf was not the owner of 1234 Farmington Avenue, the real estate described in CT Page 6152 count five of the plaintiff's complaint, on October 1, 1992.
The plaintiff filed a ten count complaint covering ten different parcels of property located in the town of West Hartford. Each of the ten counts recites in paragraph one that the plaintiff, Leonard Udolf, on October 1, 1992, was the owner of the property described in each separate count. Each of the ten counts further recites that the plaintiff, Leonard Udolf, through his attorney, appealed to the board of tax review of the town claiming to be aggrieved by the action of the assessors but the board made no changes to the valuation of the properties. The town filed an answer to the complaint leaving the plaintiff to his proof as to the allegations in each count that Leonard Udolf was the owner of the property. Although this case was filed in June 1993, the parties were unaware at that time that E. Udolf Clothiers, Inc. was the actual owner of the property described in count five rather than Leonard Udolf. When the defendant became aware of the error, it filed a motion to dismiss on June 14, 1996.
During the pendency of the motion to dismiss, the plaintiff filed a request for leave to amend the complaint pursuant to Connecticut Practice Book § 101 and General Statutes §52-109 to correct the error in count five to allege that on October 1, 1992, the proper party and true owner of 1234 Farmington Avenue was E. Udolf Clothiers, Inc.
Connecticut Practice Book § 101 provides: "When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake and that it was necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." See also General Statutes § 52-109. At the hearing on the motion to dismiss, the plaintiff's counsel represented to the court that the use of the name Leonard Udolf as the plaintiff in count five rather than the proper name of E. Udolf Clothiers, Inc. was a mistake.
The town argues that pursuant to General Statutes §12-117a,[1] only E. Udolf Clothiers, Inc., the owner of 1234 Farmington Avenue, could take an appeal from the action of the board of tax review denying its application. The town argues, therefore, that the wrong party took the appeal in this particular situation. The town's position is that the court cannot consider the request for leave to amend without first CT Page 6153 deciding the motion to dismiss for lack of subject matter jurisdiction.
The issue in this case is whether the real party in interest can be substituted as plaintiff even though the real party in interest did not initiate this tax appeal.
The plaintiff admits that E. Udolf Clothiers, Inc. was the owner of 1234 Farmington Avenue on October 1, 1992. It is further undisputed that E. Udolf Clothiers, Inc. appeared through its attorney before the board of tax review challenging the assessor's valuation of its property on the list of October 1, 1992. It is also undisputed that the corporation was the proper party to challenge the decision of the board of tax review by appealing this decision to the Superior Court within the time limitation set forth in General Statutes § 12-117a.
It is clear that naming Leonard Udolf as the owner of 1234 Farmington Avenue rather than the corporation was a mistake on the part of the drafter of the pleadings. The request to amend the complaint to add the corporation as a party owning 1234 Farmington Avenue reflects the attempt to correct the mistake previously made. The town's position is that even if it was a mistake, it cannot be corrected because the two month time period in which to take an appeal could only be taken by the real party in interest, which was the corporation rather than Leonard Udolf, and that period has expired.
Our general policy with respect to pleadings is a very liberal policy. See Federal Deposit Insurance Corp. v. RetirementManagement Group, Inc., 31 Conn. App. 80, 84, 623 A.2d 517, cert. denied, 226 Conn. 908, 625 A.2d 1378 (1993). This policy permits the substitution of parties as the interests of justice require.Id.; see General Statutes §§ 52-108, 52-109; Practice Book §§ 100, 101. In the FDIC case, the FDIC foreclosed on a mortgage, obtained a judgment of strict foreclosure and sought to enforce a deficiency judgment. After the judgment of foreclosure had entered but before a motion for deficiency judgment was heard, a motion was filed to substitute the plaintiff FDIC with a new corporation entitled New Connecticut Bank Trust Company, N.A. (New CBT). Since the FDIC had assigned the notes and mortgages pertaining to the foreclosed property to New CBT, New CBT was the real party in interest. The argument against the substitution of New CBT was that judgment of strict foreclosure had already entered in the name of the FDIC and therefore it was CT Page 6154 too late for New CBT to become a party to that action. As in the present action, the defendants "correctly point out that strict compliance with the procedural requirements of . . . [the statutes] is required . . ." Id., 84. The court in the FDIC case stated, "[o]ur rules of practice, however, permit the substitution of parties as the interests of justice require . . . . These rules are to be construed so as to alter the harsh and inefficient result that attached to the mispleading of parties at common law." (Citations omitted.) Id. The court: inFDIC further held that "any defect in a prior pleading concerning the identity of the real party in interest" relates back to and is corrected, retroactively, to the filing of the action, if necessary. Id., 84-85.
We find that the circumstances in this case fall within the policy set out in the FDIC case. The naming of the wrong plaintiff by mistake in this case is a correctable defect and does not deprive the court of subject matter jurisdiction.
Accordingly, we deny the motion to dismiss and grant the plaintiff's request for leave to amend.
ARONSON, J.