[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 1, 1993, the plaintiff, Robert J. Engelman, in his capacity as executor of the estate of Ella B. Ryder, filed a complaint against Philip G. Zink ("Zink"), the Milford Hospital Fund, Emeroy Marie Barr and Robert J. Engelman (in his capacity as trustee U/A/W Ella B. Ryder), seeking a partition of a 75% undivided interest in real property which was the principal asset of the decedent's estate. The plaintiff sought to partition the property due to "insufficient personal property in decedent's estate to pay the expenses of administration, including tax liabilities, of the estate." In the alternative, the plaintiff sought a sale of the property and a division of the proceeds between the parties according to their respective rights in the property.
On May 16, 1994 the court granted the plaintiff the right to amend his complaint and on June 29, 1994, Zink filed an answer CT Page 9866 and two special defenses, asserting that the plaintiff does not hold title to the subject property and that the plaintiff lacks standing to bring the action. On July 13, 1994, the defendant Emeroy Marie Barr filed an answer.
After several continuances of the case for the purposes of negotiation for the sale of the property, on April 17, 1997, the plaintiff filed a motion to substitute plaintiff and add party defendants. The plaintiff seeks to substitute Robert J. Engelman in his capacity as trustee U/A/W Ella B. Ryder for Robert J. Engelman in his capacity as executor of the estate of Ella B. Ryder because on May 31, 1996, the executor of the estate relinquished the estate's 75% interest in the parcel to the trustee of the family trust, and, therefore, the estate no longer retains an interest in the parcel. The plaintiff asserts that Robert J. Engelman in his capacity as trustee U/A/W Ella B. Ryder holds the greatest share of the parcel, and thus he is the proper party to substitute. The plaintiff also seeks to add as defendants Robert J. Engelman, trustee U/A/W Ella B. Ryder f/b/o Philip G. Zink and Robert J. Engelman, trustee U/A/W Ella B. Ryder f/b/o Emeroy M. Barr. According to the plaintiff, these substitutions are necessary to include all parties holding interest in the parcel so that the court can make a complete determination of the partition action.
On April 23, 1997, Zink filed a motion to dismiss the partition complaint for lack of subject matter jurisdiction due to the plaintiff's lack of standing. Also on April 23, 1997, Zink filed a memorandum in opposition to the plaintiff's motion to substitute plaintiff.
On May 2, 1997, the plaintiff filed an objection to Zink's motion to dismiss with an accompanying memorandum.
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis omitted; internal quotation marks omitted.) Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914
(1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v.State, 190 Conn. 622, 624, 461 A.2d 991 (1983).
"[T]he question of standing . . . implicates a court's subject matter jurisdiction, which may be raised at any point in CT Page 9867 judicial proceedings." Stamford Hospital v. Vega, 236 Conn. 646,656, 674 A.2d 821 (1996). "[I]n the absence of standing the court lacks subject matter jurisdiction to determine the merits of the case." Sadloski v. Manchester, 228 Conn. 79, 83, 634 A.2d 888
(1993). "It is a basic principle of law that a plaintiff must have standing for the court to have jurisdiction. Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) Presidential Capital Corp. v. Reale,231 Conn. 500, 504, 652 A.2d 489 (1994).
"[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." Figueroa v. C S BallBearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). Thus, although the motion to substitute the plaintiff was filed prior to the motion to dismiss, and since the court has not yet acted on the motion to substitute, the motion to dismiss must be considered first. See Price v. Castro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 542538 (Dec. 12, 1995) (Wagner, J.).
Zink argues in support of his motion to dismiss that the present plaintiff, Robert J. Engelman in his capacity as executor of the estate of Ella B. Ryder, no longer has an interest in the parcel at issue because, during the pendency of the suit, the estate, which was originally insolvent at the inception of the suit, became solvent. According to Zink, the sole purpose of the executor of an estate is to protect the rights of creditors, and where an estate is solvent and able to satisfy its financial obligations, an executor lacks standing to bring a partition action.
The plaintiff does not dispute that he, as executor of the estate, no longer has an interest in the litigation. In fact, in recognition of this, the plaintiff moves to substitute himself as trustee U/A/W Ella B. Ryder. However, the plaintiff argues in opposition to the motion to dismiss that the court has jurisdiction over the subject matter notwithstanding the subsequent turn of events eliminating the plaintiff's interest in the parcel because the court had jurisdiction at the inception CT Page 9868 of the suit.
The plaintiff is correct that the court is not without subject matter jurisdiction even though the plaintiff no longer has an interest in the controversy because, at the time of the institution of suit, the plaintiff clearly had such an interest. Thus, the plaintiff rightfully invoked the jurisdiction of the court at the time of the institution of the suit because he had a real interest in the cause of action and a legal interest in the subject matter of the controversy, properly setting in motion the court's judicial machinery.
Hagearty v. Ryan, 123 Conn. 372, 195 A. 730 (1937), is a case factually similar to the present situation, although it involves a different type of motion by the defendant. Nevertheless, the principles set forth in that case are helpful in considering the present motion to dismiss. In Hagearty, an action was brought by the plaintiff to quiet title to land, and during the pendency of the action, the plaintiff conveyed the property to the New England Brewery. Id., 375. The New England Brewery was thereafter joined as a party plaintiff. Id., 373. The defendant filed a demurrer to the complaint which asserted that neither the plaintiff nor the New England Brewery could maintain the action; the former because he no longer had an interest in the property and the latter because it had no interest in the property at the time the suit was instituted. Id., 375. The trial court overruled the demurrer, tried the issues, and rendered a judgment in favor of the plaintiff. Id., 372. On appeal, the Supreme Court considered the defendant's demurrer in light of a provision of the Practice Act of 1879, which provided that "new parties may be added, and summoned in . . . by order of the court, at any stage of the cause, as it may deem the interests of justice require."Id., 375-76. The court determined that "one purpose of the Practice Act was to avoid unnecessary litigation . . . If when the plaintiff in such an action . . . transfers his interest in the subject-matter during its pendency, the action were to abate, the result would usually be that a new action would be instituted. In a broad sense the continuance of the action, with a joinder or substitution as plaintiff of the party to whom the transfer is made, would serve the `interests of justice.'" Id., 376. Therefore, the court held that the New England Brewery was properly joined in the action, and the trial court did not err in overruling the demurrer. Id., 376-77.
Here, the granting of the motion to dismiss would not serve CT Page 9869 the interests of justice because the result would be a dismissal of the present suit with, most certainly, an almost identical suit to follow, joining almost identical parties to the action. As trustee U/A/W Ella B. Ryder, Robert J. Engelman could bring a separate action under either General Statutes § 52-495 (for partition of the property) or § 52-500 (for a sale of the property) as a "person interested."
In considering the motion to dismiss, it is helpful to also consider the principles underlying the substitution of a party plaintiff under Practice Book § 101, now Practice Book (1998 Rev.) § 9-20, and General Statutes § 52-109.[1] "Our rules of practice . . . permit the substitution of parties as the interests of justice require. General Statutes §§ 52-108,52-109; Practice Book §§ 100, 101 . . . These rules are to be construed so as to alter the harsh and inefficient result that attached to the mispleading of parties at common law." (Citations omitted.) Federal Deposit Ins. Corp. v. Retirement ManagementGroup, Inc., 31 Conn. App. 80, 84, 623 A.2d 517, cert. denied,226 Conn. 908, 625 A.2d 1378 (1993). Indeed, Practice Book § 6, now Practice Book (1998 Rev.) § 1-8, provides: "The design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice."
Therefore in the interests of justice and judicial economy, the motion to dismiss is denied.
Based on this determination, the plaintiff's motion to substitute plaintiff and add party defendants is granted.[2]
Practice Book § 101, now Practice Book (1998 Rev.) §9-20, and General Statutes § 52-109 provide that "[w]hen any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." Thus, "General Statutes § 52-109 and Practice Book § 101 allow a substituted plaintiff to enter a case `[w]hen any action has been commenced in the name of the wrong person as plaintiff . . .' [The] rules, of necessity, relate back to and correct, retroactively, any defect in a prior pleading concerning the identity of the real party in interest. In the context of analogous rules of federal civil procedure, it has been observed that `[w]here the change is CT Page 9870 made on the plaintiff's side to supply an indispensable party or to correct a mistake in ascertaining the real party in interest, in order to pursue effectively the original claim, the defendant will rarely be unfairly prejudiced by letting the amendment relate back to the original pleading.' F. James G. Hazard, Civil Procedure (2d Ed. 1977) § 5.7, pp. 167-68. `As long as [the] defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense . . . Thus, an amendment substituting a new plaintiff [will] relate back if the added plaintiff is the real party in interest.' 6A C. Wright, A. Miller M. Kane, Federal Practice and Procedure § 1501, pp. 154-57 . . . An amendment to pleadings will relate back to its filing, at the very least, and back to the beginning of the action under appropriate circumstances . . . We see no reason why our general policy with respect to pleadings should not also apply in the context of the substitution of a plaintiff." (Citations omitted.) Federal Deposit Ins. Corp. v. RetirementManagement Group, Inc., supra, 31 Conn. App. 84-85. "The decision whether to grant a motion for the addition or substitution of a party to legal proceedings rests in the sound discretion of the trial court." Poly-Pak Corp. of America v. Barrett,1 Conn. App. 99, 102, 468A.2d 1260 (1983), citing Lettieri v.American Savings Bank, 182 Conn. 1, 13,437 A.2d 822 (1980).
Zink argues that the motion to substitute should be denied because the substitution at this late date would be highly prejudicial to him. However, discovery for the preparation of a defense to a complaint for partition or sale of the parcel by a party in interest would not be prejudicially cumbersome. Therefore, the court grants the plaintiff's motion to substitute plaintiff and add party defendants.
It is noted that the substitution of Robert J. Engelman, trustee U/A/W Ella B. Ryder, renders the original complaint defective in that the complaint seeks, in paragraph 6, a partition or sale based on insufficient personal property in the estate to pay the expenses of administration — an action particular to the executor of an estate. This basis for partition or sale is clearly moot since the estate subsequently became solvent and has in fact been administered. However, "a motion to dismiss is not designed to test the legal sufficiency of a CT Page 9871 complaint in terms of whether it states a cause of action." Prattv. Old Saybrook, 225 Conn. 177, 185, 621 A.2d 1322 (1993). The parties are, of course, free to raise and address any problems existing in the complaint upon the court's ruling through use of the appropriate procedural avenues.
In light of the foregoing, the defendant's motion to dismiss is denied and the plaintiff's motion to substitute plaintiff and add party defendants is granted, as the interests of justice and judicial economy so dictate.
CURRAN, S.T.R.