[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO SUBSTITUTE PARTY PLAINTIFF
On January 6, 1995, the plaintiff, NationsBank of Virginia, filed a foreclosure action against Eugene and Diane Micci. On December 20, 1996, Ryland Mortgage Company ("Ryland") filed a motion to substitute party plaintiff, seeking to have itself substituted as plaintiff in the action since the note and mortgage were assigned by The Bank of New York, successor to the plaintiff, to Ryland. That motion was denied without prejudice by the court, Curran, J., on January 6, 1997.
On December 15, 1997, Ryland filed a second motion to substitute party plaintiff. Ryland alleges that since the commencement of the action, the note and mortgage were assigned by The Bank of New York, as successor to NationsBank, N.A., as successor to NationsBank of Virginia, N.A., as successor to Sovran Bank, N.A., to Ryland. Attached to the motion to substitute, Ryland provided: (1) a copy of the change of name from Sovran Bank National Association, N.A., to NationsBank of Virginia, N.A., to NationsBank, N.A.; (2) a copy of the recorded assignment from NationsBank, N.A. to The Bank of New York; and (3) a copy of the assignment from The Bank of New York to Ryland. Thus, Ryland argues that it should be substituted as the named plaintiff because it is the current holder of the note and mortgage deed.
On December 17, 1997, Eugene Micci ("the defendant") filed an objection to the motion to substitute on the basis that the "movant lacks standing in this matter."
On December 29, 1997, the plaintiff filed a motion to CT Page 7000 substitute party plaintiff identical to that filed by Ryland on December 15, 1997. On January 5, 1998, the defendant filed an objection to this motion on the ground that "the proposed substitute plaintiff lacks standing in this matter."
On February 2, 1998, apparently in response to the court's inquiry, the plaintiff's attorney filed true copies of the chain of assignments of the note and mortgage.
On February 17, 1998, the court, Curran, J., heard oral argument on the December 15 and December 29 motions to substitute party plaintiff. Pursuant to the court's request, the plaintiff filed a memorandum of law in support of the motion to substitute on February 27, 1998, and the defendant filed a memorandum in opposition on March 5, 1998.
"Our rules of practice . . . permit the substitution of parties as the interests of justice require. General Statutes §§ 52-108, 52-109; Practice Book §§ 100, 101. . . . These rules are to be construed so as to alter the harsh and inefficient result that attached to the mispleading of parties at common law." (Citations omitted.) Federal Deposit Ins. Corp. v.Retirement Management Group. Inc., 31 Conn. App. 80, 84,623 A.2d 517, cert. denied, 226 Conn. 908, 625 A.2d 1378 (1993). Practice Book § 101, now Practice Book (1998 Rev.) § 9-20, and General Statutes § 52-109 provide that "[w]hen any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." Thus, "General Statutes § 52-109 and Practice Book § 101 allow a substituted plaintiff to enter a case `[w]hen any action has been commenced in the name of the wrong person as plaintiff. . . .' [The] rules, of necessity, relate back to and correct, retroactively, any defect in a prior pleading concerning the identity of the real party in interest. In the context of analogous rules of federal civil procedure, it has been observed that `[w]here the change is made on the plaintiff's side to supply an indispensable party or to correct a mistake in ascertaining the real party in interest, in order to pursue effectively the original claim, the defendant will rarely be unfairly prejudiced by letting the amendment relate back to the original pleading.' F. James G. Hazard, Civil Procedure (2d Ed. 1977) § 5.7, pp. 167-68. As long as [the] defendant is fully CT Page 7001 apprised of a claim arising from specified conduct and has prepared to defend the action, his ability to protect himself will not be prejudicially affected if a new plaintiff is added, and he should not be permitted to invoke a limitations defense. . . . Thus, an amendment substituting a new plaintiff [will] relate back if the added plaintiff is the real party in interest.' 6A C. Wright, A. Miller M. Kane, Federal Practice and Procedure § 1501, pp. 154-57. . . . An amendment to pleadings will relate back to its filing, at the very least, and back to the beginning of the action under appropriate circumstances. . . . [There is] no reason why our general policy with respect to pleadings should not also apply in the context of the substitution of a plaintiff." (Citations omitted.) FederalDeposit Ins. Corp. v. Retirement Management Group, Inc., supra,31 Conn. App. 84-85. "The decision whether to grant a motion for the addition or substitution of a party to legal proceedings rests in the sound discretion of the trial court." Poly-Pak Corp.of America v. Barrett, 1 Conn. App. 99, 102, 468 A.2d 1260
(1983), citing Lettieri v. American Savings Bank, 182 Conn. 1,13, 437 A.2d 822 (1980).
The defendant argues that the motion to substitute should be denied because the original copy of the assignment of the mortgage and note from The Bank of New York to Ryland, attached to the first and second motions to substitute, which Ryland represented to the court as the copy to be recorded in the land records, indicates that the execution was defective due to the misplacement of the name of the assignee on the document. In addition, the defendant argues that the original assignment document was altered, as evidenced by the plaintiff's counsel's submissions to the court in his letter dated February 2, 1998, by the placement of the assignee and the handwritten date of the mortgage in the appropriate spaces on the document. Thus, the defendant argues that either the original execution of the assignment was a nullity, or the subsequent alteration of the original document rendered the assignment inoperative. In either event, according to the defendant, Ryland consequently has no interest in the mortgage and note which is the subject of this foreclosure action.
At oral argument and in his brief, the defendant supplied the court with two cases in support of his position that the execution of the assignment under the present circumstances is void. Neither case, however, is instructive. CT Page 7002
In Connecticut National Bank v. Lorenzato, 221 Conn. 77, 82,602 A.2d 959 (1992), the court commented that "[t]here is a principled distinction between a mortgage deed that is imperfectly executed and one that is imperfectly recorded. The former is a nullity and is, therefore, incapable of giving constructive notice." There is no dispute here, however, over the effect of the recording of the assignment; rather, there appears to be a dispute over the validity of the execution of the assignment. Connecticut National Bank v. Lorenzato does not help in resolving this dispute because it does not address exactly what renders the execution o an assignment defective or void.[1]
The Connecticut Superior Court's decision in Skapnit v.Skapnit, 7 Conn. Sup. 285, ___ A.2d ___ (1939), provided by the defendant, is equally of no help to the defendant's cause. InSkapnit, the court determined that the insertion in a deed of language granting a life estate after attestation and acknowledgment voided the deed as to that life estate, but did not affect the validity of the deed as originally executed. Id., 288.
General Statutes § 49-10, furnishing the "Requirements for assignments of obligations," provides, in pertinent part: "Whenever any debt or other obligation secured by mortgage . . . is assigned by an instrument in writing containing a sufficient description to identify the mortgage . . . as security for the debt or obligation, and that assignment has been executed, attested and acknowledged in the manner prescribed by law for the execution, attestation and acknowledgment of deeds of land, the title held by virtue of the mortgage . . . shall vest in the assignee." General Statutes § 47-5 prescribes the manner for the execution, attestation and acknowledgment of deeds of land: "All conveyances of land shall be: (1) In writing; (2) if the grantor is a natural person, subscribed . . . by the grantor with his own hand or with his mark with his name annexed to it or by his attorney authorized for that purpose . . . or, if the grantor is a corporation, limited liability company or partnership, subscribed by a duly authorized person; (3) acknowledged by the grantor, his attorney or such duly authorized person to be his free act and deed; and (4) attested to by two witnesses with their own hands." There is no claim by the defendant that the requirements set forth in General Statutes §§ 49-10 or 47-5 have not been met.
In addition, General Statutes § 49-17 provides: "Foreclosure by owner of debt without legal title. When any CT Page 7003 mortgage is foreclosed by the person entitled to receive the money secured thereby but to whom the legal title to the mortgaged premises has never been conveyed, the title to such premises shall, upon the expiration of the time limited for redemption and on failure of redemption, vest in him in the same manner and to the same extent as such title would have vested in the mortgagee if he had foreclosed, provided the person so foreclosing shall forthwith cause the decree of foreclosure to be recorded in the land records in the town in which the land lies." Indeed, "`the holder of a mortgage note has the same right to proceed against the security as does a mortgagee, providing the statutory requirements [General Statutes Sec. 49-10 and Sec. 49-17] are followed.'" Connecticut National Bank v. Marland, Superior Court, judicial district o Middlesex, Docket No. 067948 (March 12, 1993, Walsh, J.) (8 C.S.C.R. 425), quoting D. Caron, Connecticut Foreclosures (2d Ed. 1989), § 4.02A.
Additionally, "[i]t is a general rule that an assignment of a mortgage must identify the mortgage assigned. For this purpose, a description which gives the names of the mortgagor and mortgagee and the book and pages of the record where the mortgage is recorded is sufficient. In addition, the assignment must contain the name of the assignee. In this respect, however, there is authority for the rule that the name of the assignee may be inserted by an agent acting under oral authority. Moreover, wherea person executes an assignment of a mortgage, and leaves blankspaces therein to be filled, and delivers the instrument toanother, the presumption, in the absence of any evidence to thecontrary, is that such person intended to confer upon the otherauthority to complete the instrument." (Emphasis added; footnotes omitted.) 55 Am.Jur.2d 550, Mortgages § 1013 (1996).
"[W]here there is a valid assignment of a mortgage note, the assignee has a right to bring an action to foreclosure upon the assigned note as if he or she were the original mortgagee."Connecticut National Bank v. Marland, supra, 8 C.S.C.R. 425. In any event, "[t]he holder of a promissory note, whether that holder be a holder in due course or otherwise, has the benefit of the security to secure that note whether actually assigned or not." Id., citing General Statutes § 42a-3-305. "Security follows the note." Id., citing Linahan v. Linahan, 131 Conn. 307,318-19, 39 A.2d 895 (1944).
The defendant has provided the court with no authority for his position that the assignment is void due to the improper CT Page 7004 placement of Ryland's name on the document. In addition, the parties to the assignment provided a "note allonge" which was attached to the copies of the assignment submitted by the plaintiff with the first and second motions to substitute. The "note allonge" provided that "[t]his endorsement is incorporated into and shall be deemed part of the Note to which it is attached," included the phrase "Pay to the Order Of: Ryland Mortgage Co." and was signed by The Bank of New York. The defendant has not sufficiently demonstrated that the assignment is void.
The defendant also argues that the subsequent alteration of the document, through insertion of certain language in blank spaces of the document, invalidates the assignment. In the context of negotiable instruments, an "alteration" is "(i) an unauthorized change in an instrument that purports to modify in any respect the obligation of a party, or (ii) an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party." General Statutes § 42a-3-407 (a). In addition, "an alteration fraudulently made discharges a party whose obligation is affected by the alteration unless that party assents or is precluded from asserting the alteration; No other alteration discharges a party, and the instrument may be enforced according to its original terms." General Statutes § 42a-3-907 (b).
"In modern times, the general rule [is] that an alteration of an instrument, in order to discharge a party or parties to it, must be material." 4 Am.Jur.2d 7, Alteration of Instruments § 3 (1995). "An alteration of a contract is material if it would, if effective, vary any party's legal relations with the maker of the alteration or adversely affect that party's legal relations with a third person." Id., p. 7, § 4. "Under Section 3-407 of the Uniform Commercial Code, the correction of obvious mistakes, omissions, or inconsistencies does not constitute a material alteration of an instrument when that alteration does not change the terms, rights or obligations of either party from that originally intended." Id., p. 24, § 36.
The defendant has not demonstrated that the "alteration" to the written assignment was "material" in that it changed the terms of the assignment or affected the rights or obligations of any of the parties. The addition of the name of Ryland, as assignee, and the date of the mortgage in the appropriate blank spaces merely corrected omissions in the original document, and CT Page 7005 had no effect upon the terms of the assignment, or the rights or obligations of the parties. Again, the defendant has not sufficiently demonstrated that the assignment from The Bank of New York to Ryland is void, and the plaintiff's motion to substitute party plaintiff is granted.
In conclusion, because the omission or misplacement of the name of the assignee on an assignment document does not invalidate the assignment, and because the correction of the executed assignment does not constitute a "material alteration" invalidating the assignment, the court hereby grants the motion to substitute party plaintiff to substitute the real party in interest.
The Court By Curran, J.