[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The matter is before the court on a motion to strike the defendant's special defenses and counterclaims filed by the substituted plaintiff, Aames Capital Corporation (Aames), on the basis that they are directed toward the original plaintiff, Pinnfund, USA (Pinnfund), who is no longer a party to the action because Aames has been substituted as plaintiff.
On August 28, 1998, Pinnfund filed a complaint against the defendant, Sheryll Stinson, to foreclose the mortgage on property located at 104 Berkeley Street, New Britain, Connecticut, of which the defendant is in possession and is the record owner. The defendant, then pro se, filed an appearance and answer on September 9, 1998. On October 2, 1998, Aames filed a motion to substitute the plaintiff attaching a copy of the assignment of the mortgage to it from Pinnfund dated September 24, 1998. This motion for substitution was never acted upon by the court.
After obtaining counsel, the defendant filed an amended answer, special defenses and counterclaims on November 4, 1998. Aames filed its reply to the defendant's special defenses and answer to the counterclaims on November 25, 1998. On April 27, 1999, Aames filed a request to amend its complaint, reflecting the change of plaintiff from Pinnfund to Aames, that was granted on June 7, 1999 by the court, Shortall, J. To this, the defendant filed an answer with special defenses and counterclaims on June 29, 1999. Thereafter, on November 23, 1999, Aames filed a motion to strike the defendant's special defenses and counterclaims (#128). The defendant filed a timely objection on December 6, 1999, to which Aames filed a reply on December 7, 1999. While the motion to strike was pending, Aames filed an amended motion to substitute the plaintiff on February 1, 2000, which was granted by the court, Shortall, J., on February 14, 2000.[1]
On March 27, 2000, the court heard oral argument on the instant motion to strike. Both parties filed supplemental briefs as requested at oral argument.[2] This court now issues its decision.
 DISCUSSION CT Page 10872
A motion to strike is to be used "[w]henever a party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof. . . ." Practice Book § 10-39(a)(1). In ruling on the motion to strike, the trial court construes special defenses and counterclaims in the manner most favorable to sustaining their legal sufficiency; see ConnecticutNational Bank v. Voog, 233 Conn. 352, 354-55, 659 A.2d 172 (1995) (special defenses); Fairfield Lease Corp. v. Romano's Auto Service,4 Conn. App. 495, 496, 495 A.2d 286 (1985) (counterclaims); and "is limited to considering the grounds specified in the motion." Meredith v.Police Commission, 182 Conn. 138, 140, 438 A.2d 27 (1980).
Aames argues that the motion to strike the defendant's special defenses and counterclaims should be granted on the basis that Pinnfund is no longer a party of interest to the action because Aames is the substituted plaintiff. In opposition, the defendant argues that the motion to strike is untimely filed, procedurally deficient and also substantively deficient because Aames mistakes applicable principles of law.
A. PROCEDURAL GROUNDS
The Practice Book specifies that a motion to strike must be filed prior to the filing of a plaintiff's reply to any special defenses or an answer to counterclaims; see § 10-6; or the opportunity to file a motion to strike is waived. See § 10-7. The defendant's request for leave to amend her answer, special defenses and counterclaims, filed November 4, 1998, was deemed filed because no objection was filed in opposition thereto. See Practice Book § 10-60(a)(3). On November 25, 1998, Aames filed its reply to the defendant's special defenses and answer to the counterclaims. Thereafter, Aames filed an amended complaint reflecting that it had been assigned the defendant's mortgage, and the defendant filed her answer, special defenses and counterclaims to Aames' amended complaint on June 30, 1999. Practice Book § 10-61 states that "[i]f the adverse party fails to plead further, pleadings already filed by the adverse party shall be regarded as applicable so far as possible to the amended pleading." Aames failed to file any further pleadings within ten days of the filing of the defendant's amended answer per § 10-61, therefore, Aames' reply to the special defenses and answer to the counterclaims filed on November 25, 1998, became the applicable responsive pleading. See Fusco v. Jones, Superior Court, judicial district of Windham at Putnam, Docket No. 060727 (March 16, 2000, Potter, J.); Thompson v. Buckler, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 153798 (January 27, 1999,D'Andrea, J.).
Aames' motion to strike fails upon procedural grounds because filing CT Page 10873 the motion on November 23, 1999, fails to comply with the time prescribed by § 10-61. Also, Aames filed its motion to strike nearly a full year after filing its reply to the defendant's special defenses and answer to the counterclaims and is, therefore, in violation of § 10-6. SeeThompson v. Buckler, supra, Superior Court, Docket No. 153798; Chapmanv. Norwalk Dedham Mutual Fire Ins. Co., 39 Conn. App. 306, 330-33,665 A.2d 112, cert. denied, 235 Conn. 925, 666 A.2d 1185 (1995). While the court has discretion to overlook the order of pleadings; see § 10-7; Sabino v. Ruffolo, 19 Conn. App. 402, 404, 562 A.2d 1134 (1989); it declines to do so.[3] Furthermore, the court finds that Aames' filing of its reply and answer acted as a waiver; see § 10-7; to the filing of its motion to strike. Accordingly, the motion to strike is denied for procedural deficiencies.
B. SUBSTANTIVE GROUNDS
The motion to strike is also denied on the merits. In its motion to strike, Aames argues that the defendant's special defenses and counterclaims do not address the actions of Aames. but rather those of Pinnfund. Aames argues that because is it the substituted plaintiff, Pinnfund is no longer a party of interest in this case and, therefore, the defendant's special defenses and counterclaims should be stricken. In opposition, the defendant argues that she obtained jurisdiction over Pinnfund by filing her counterclaim against Pinnfund on April 23, 1999, while Pinnfund was the party plaintiff and before any motion to substitute parties had been acted upon. The defendant also argues that her special defenses are directed towards the assignee Aames because an assignee of a mortgage takes the instrument with all of the rights and liabilities of the assignor.
A motion to substitute the party plaintiff must adequately describe the reasons necessitating the substitution. See Practice Book § 9-22. A proper motion to substitute fully apprises both the trial court and the defendant of the fact that the initial plaintiff no longer retains an interest in the litigation and that the proposed substitute plaintiff is the real party in interest. See Federal Deposit Ins. Corp. v. RetirementManagement Group, Inc., 31 Conn. App. 80, 84-85, 623 A.2d 517, cert. denied, 226 Conn. 908, 625 A.2d 1378 (1993); Gateway Bank v. Mandanici, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 300480 (August 22, 1996, West, J.). Here, the defendant was fully apprised as of October 2, 1998, that Aames was the real plaintiff in interest in this action. "Moreover, [she] was continually reminded that [Aames] was the real plaintiff in interest through subsequent documents filed with the court by [Aames]. . . . Indeed, [the defendant] recognized that [Aames] was the real plaintiff in interest as evidenced by [her] serving [pleadings and other papers] upon [Aames] before [February 14, CT Page 10874 2000, when] the court granted [Aames' amended] motion to substitute."Gateway Bank v. Mandanici, supra, Superior Court, Docket No. 300480.
The record shows that on February 14, 2000, the date the amended motion for substitution was granted, two appearances were filed. In an appearance dated February 9, 2000, attorney Geoffrey K. Milne filed as counsel for Pinnfund, USA. In the other appearance, dated February 11, 2000, the firm of Atlas and Hudon filed as counsel for Aames Capital Corporation and Pinnfund USA, seventeen months after the assignment of the note and mortgage deed, sixteen months after the first motion for substitution was filed and fifteen months after the reply to the defendant's special defenses and answer to the counterclaims was filed. It seems rather disingenuous for Aames to claim that Pinnfund is no longer a party in this action when as recently as January 18, 2000, Attorney Milne moved the court on behalf of Pinnfund for a continuance of the trial court date, which was granted by the court, Shortall, J., on January 28, 2000. It seems clear that Pinnfund by its actions still considered itself a real party in interest, as did the court, even after the filing of the original and amended motions for substitution and Aames' amended complaint naming itself as plaintiff.
Aames' motion for substitution was, however, granted during the pendency of the instant motion to strike. "[A]n amendment substituting a new plaintiff will relate back if the added plaintiff is the real party in interest. . . . An amendment to pleadings will relate back to its filing, at the very least, and back to the beginning of the action under appropriate circumstances. We see no reason why our general policy with respect to pleadings should not also apply in the context of the substitution of a plaintiff" (Citations omitted.) Federal Deposit Ins.Corp. v. Retirement Mgmt. Group, supra, 31 Conn. App. 85.
However, the general rule is that "[t]he plaintiff, as assignee of the mortgage, [stands] in the shoes of his assignor, with the same rights." (Internal quotation marks omitted.) Reynolds v. Ramos, 188 Conn. 316, 319
n. 5, 449 A.2d 182 (1982). "Because the [substituted] plaintiff stands in the shoes of [Pinnfund], the defendant may assert a counterclaim against the [substituted] plaintiff if that counterclaim could have been asserted against its [assignor]. . . . Accordingly, this court considers the counterclaim raised against the [substituted] plaintiff based on [Pinnfund's] behavior as valid in terms of the assignor/assignee issue."Federal National Mortgage Assn. v. Jessup, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 169417 (August 3, 1999, Hickey, J.). Also, the defendant asserted her counterclaims against the assignor, Pinnfund, when it was the original plaintiff to the action and before Aames filed either its initial or amended motions to substitute. CT Page 10875
Moreover, Aames cannot assert any independent right to assume the special status of a holder in due course, thereby bypassing any applicable defenses, for it took the assignment with notice that the defendant was in default because Pinnfund had filed the instant foreclosure action prior to the assignment. See General Statutes § 42a-3-302(2)(iii) (one is not a holder in due course if the instrument was taken with notice that the instrument is overdue or in default). Therefore, the taking of the note after the default subjects Aames to all the defenses applicable against its assignor, Pinnfund. Accordingly, Aames' motion to strike is denied on its merits.
 CONCLUSION
As discussed herein, the substituted plaintiff's motion to strike is hereby denied.
BY THE COURT
Hon. Andre M. Kocay, J.