[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO DISMISS
The defendant in this action, the Town of West Hartford, moves to dismiss this action for lack of subject matter jurisdiction in that the plaintiff trustees are not aggrieved parties as mandated by General Statutes § 12-117a.[1] The Town claims that the trustees are not the true owners of the subject property located at 711 Farmington Avenue, West Hartford, but rather Leo P. Reiner is the owner. The Town argues that the court lacks subject matter jurisdiction over this tax appeal because the plaintiff trustees are not owners, so they are not aggrieved parties and have no standing to appeal. The Town also argues that the recognizance filed by the plaintiffs does not comply with the requirements of § 12-117a, so this case should be dismissed on this ground as well.
The trustees agree that Leo P. Reiner is the owner of the property, and have filed a motion to substitute Leo P. Reiner as party plaintiff in this appeal. The trustees claim that they were named as plaintiffs by virtue of a clerical error or mistake, since Leo P. Reiner is the true owner of the subject property and is the proper plaintiff.
The Town properly points out that whenever the question of subject CT Page 3994 matter jurisdiction is raised, the court must resolve this issue before it proceeds one step further, since without jurisdiction, the court is powerless to act. See Community Collaborative of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552, 698 A.2d 245 (1997). Attached to the Town's brief is a photocopy of a warranty deed to Leo P. Reiner describing the subject property, which is dated September 12, 1966 and recorded in the West Hartford land records on September 13, 1966. Also attached to the Town's brief is a photocopy of an application to the Board of Assessment Appeals of the town of West Hartford, appealing the assessor's valuation of the subject property on the list of October 1, 1999. The application to the Board lists Leo P. Reiner/Intertown Realty Co. as the owner. The application to the Board was signed by the "owner," Dr. Leo Reiner.
The plaintiffs argue that the Town's motion to dismiss is moot because on July 14, 2000, they filed a motion to substitute as plaintiff Leo P. Reiner for the trustees. The plaintiffs rely on Federal Deposit InsuranceCorp. v. Retirement Management Group, Inc., 31 Conn. App. 80, 84-85,623 A.2d 517 (1993).
When an action has been commenced in the wrong name, it is proper to substitute the real party in interest to avoid the "harsh and inefficient result that attach[es] to the mispleading of parties at common law."Federal Deposit Insurance Corp. v. Retirement Management Group, Inc., supra, 31 Conn. App. 84. Our general policy with respect to pleadings is a very liberal policy, and permits the substitution of parties as the interests of justice requires. Id.; see General Statutes §§ 52-108,52-109; Practice Book §§ 9-19, 9-20. In this appeal, Leo P. Reiner has owned the subject property for over 30 years. The appeal to the Board of Assessment Appeals recited that Leo P. Reiner was the owner of the subject property and Reiner signed the application. The commencement of this action in the name of the trustees rather than Leo P. Reiner was a mistake. We find that the naming of the wrong plaintiff by mistake in this case is a correctable defect and does not deprive the court of subject matter jurisdiction. Accordingly, we deny the motion to dismiss on this ground, and grant the motion to substitute plaintiff.
On the issue of whether a proper bond or recognizance has been filed, in view of the substitution of Leo P. Reiner as the proper plaintiff in this appeal, we order the plaintiff to file a proper bond or recognizance within two weeks from the date of this decision. Otherwise, the motion to dismiss for failure to file a proper bond or recognizance shall be granted. See Practice Book § 8-5.
Arnold W. Aronson Judge Trial Referee