RICHARD ROTHSTEIN, TRUSTEE *v.*
JOSEPH P. TRANTINO ET AL.
(14790)

BORDEN, BERDON, NORCOTT, KATZ and PALMER, Js.

Argued January 7—decision released February 1, 1994

*Jeremiah Donovan,* for the appellant (named defendant).

*Lloyd L. Langhammer,* with whom, on the brief, was *Mark E. Block,* for the appellee (plaintiff).

PER CURIAM. The issues in this mortgage foreclosure appeal concern the propriety of the dismissal of the appeal of the named defendant, Joseph Trantino, on the ground of mootness. In March, 1990, the trial court rendered a judgment of foreclosure by sale, from which the named defendant appealed. After the named defendant withdrew that appeal, the trial court opened the judgment for purposes of setting a new sale date. The named defendant appealed from that action of the trial court, and the Appellate Court subsequently dismissed that appeal. Thereafter, in September, 1992,

the trial court again opened the judgment and ordered a judgment of strict foreclosure, from which the named defendant appealed. On November 2, 1992, the trial court terminated the automatic stay pending appeal, and again rendered a judgment of strict foreclosure, with the named defendant's law day set for January 4, 1993. On December 14, 1992, the named defendant filed an amended appeal, thus staying the running of the law days that were to have commenced on January 4, 1993.

On January 25, 1993, however, the trial court again terminated the automatic stay, and set a new law day for the named defendant of March 8, 1993. The defendant filed with the Appellate Court a motion for review of the trial court's termination of the stay, which the Appellate Court dismissed. On February 19, 1993, the named defendant filed another amended appeal. The plaintiff moved to dismiss the named defendant's appeal on the ground that, the law day of March 8, 1993, having passed, the appeal was moot. The Appellate Court granted the plaintiff's motion to dismiss on March 24, 1993.[1]

We granted the named defendant's petition for certification to appeal the merits of the dismissal of his appeal by the Appellate Court.[2] After examining the

[1] On March 24, 1993, the Appellate Court also granted the plaintiff's motion to prohibit the named defendant from filing further motions or appeals regarding the judgment of foreclosure.

[2] We granted the named defendant's petition for certification to appeal limited to the following issues: "1. Where a defendant appeals from a judgment of strict foreclosure and the trial court terminates the automatic stay pending appeal, may the Appellate Court lawfully dismiss the appeal as moot if the law day set by the trial court passes prior to the Appellate Court's deciding the appeal? 2. Are due process of law and the statutory right to appeal violated by a trial court's ordering of a strict foreclosure, terminating the automatic stay pending appeal, and setting a law day prior to the time that the Appellate Court can decide the appeal, thus denying the defendant any opportunity for appellate review of the trial court's judgment of strict foreclosure?" *Rothstein* v. *Trantino,* 226 Conn. 906, 625 A.2d 1377 (1993).

record on appeal and after considering the briefs and the arguments of the parties, we have determined that the appeal in this case should be dismissed on the ground that certification was improvidently granted.

The appeal is dismissed.