DIME SAVINGS BANK OF WALLINGFORD *v.*
NICHOLAS E. ARPAIA III ET AL.
(AC 18764)

O'Connell, C. J., and Foti and Spear, Js.

Argued April 20—officially released October 5, 1999

*Sydney T. Schulman,* for the appellant (named defendant).

*Stan R. Dombroski,* for the appellee (substitute plaintiff).

### Opinion

SPEAR, J. The trial court opened a judgment of foreclosure by sale and, after denying the named defendant's request to file an answer, rendered judgment setting a new date for the sale. Thereafter, the named defendant, Nicholas E. Arpaia III, filed an appeal. He claims that the trial court lacked subject matter jurisdiction because the original plaintiff, Dime Savings Bank of Wallingford (Dime), obtained an earlier judgment of foreclosure in this case after it had assigned the note and mortgage to another party.[1] We affirm the judgment of the trial court.

---

[1] Arpaia failed to brief his claim that the trial court improperly denied his request for permission to file an answer after the judgment was opened. We thus consider the claim abandoned. See *Mejia* v. *Commissioner of Correction,* 48 Conn. App. 230, 234, 716 A.2d 894, cert. denied, 245 Conn. 902, 719 A.2d 1163 (1998).

It is not necessary to detail the extensive procedural history of this case. It is sufficient to note that between the original judgment of foreclosure rendered on September 10, 1991, and the trial court's order of August 6, 1998, which is the subject of this appeal, this case completed the circular odyssey of judgment, bankruptcy stay, termination of stay and judgment several times, interspersed with an earlier appeal to this court.

For purposes of this appeal, the critical and undisputed facts are as follows. Subsequent to the judgment of September 10, 1991, Dime assigned the subject note and mortgage to Leader Federal Bank for Savings (Leader) on August 30, 1994. Leader did not move to substitute itself as the plaintiff until August 18, 1995, although the trial court had rendered a judgment of foreclosure by sale on August 7, 1995. Leader's motion to substitute itself as the plaintiff was granted on October 30, 1995. Arpaia appealed from the judgment of August 7, 1995. On October 22, 1996, we affirmed the judgment in a per curiam decision, *Dime Savings Bank of Wallingford* v. *Arpaia*, 43 Conn. App. 904, 683 A.2d 29 (1996).

On April 8, 1998, after the termination of a bankruptcy stay, Leader filed a motion to open the judgment and set a new sale date. On August 6, 1998, the trial court granted Leader's motion and set a sale date of October 17, 1998. The trial court also denied Arpaia's request for permission to file an answer to the foreclosure complaint. This appeal followed.

Arpaia claims that because Dime assigned its interest in the mortgage, it did not have standing to request the August 7, 1995 judgment. Consequently, the judgment is invalid because the trial court lacked subject matter jurisdiction. We disagree.

Arpaia's claim in this appeal is essentially the same as the one made in his first appeal to this court. Arpaia

now attempts a collateral attack on the August 7, 1995 judgment in the specific terms of subject matter jurisdiction. General Statutes § 51-197f provides that "[u]pon final determination of any appeal by the Appellate Court, there shall be no right to further review . . . ." Such further review may be sought in the Supreme Court "upon petition by [the] aggrieved party . . . ." General Statutes § 51-197f. The Supreme Court is not obliged to grant such a petition.

In Arpaia's first appeal, we affirmed the validity of the trial court's August 7, 1995 judgment. One of the issues in that appeal was whether the trial court abused its discretion in not opening a judgment that Arpaia claimed was invalid on its face. Arpaia argued that because "Dime acknowledges that it assigned its interest in the mortgage . . . the judgment is invalid on its face." Although now more specifically delineated as a jurisdictional claim, Arpaia's assertion here turns on the same alleged defect as the claim made in his previous appeal. The issue has been put to rest.

Even if we assume, arguendo, that the claim here is different from the earlier one, it is without merit. We conclude that the trial court had subject matter jurisdiction and properly rendered its judgment in favor of Dime.

"Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." *Steeneck* v. *University of Bridgeport*, 235 Conn. 572, 580, 668 A.2d 688 (1995). "Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless [one] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy." (Internal quotation marks omitted.) *Tomlinson* v. *Board of Education*, 226 Conn. 704, 717, 629 A.2d 333 (1993).

Standing, however, "is not a technical rule intended to keep aggrieved parties out of court . . . . Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate non-justiciable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented." (Internal quotation marks omitted.) *Carl J. Herzog Foundation, Inc.* v. *University of Bridgeport*, 41 Conn. App. 790, 794, 677 A.2d 1378 (1996), rev'd on other grounds, 243 Conn. 1, 699 A.2d 995 (1997).

"Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved." *Steeneck* v. *University of Bridgeport*, supra, 235 Conn. 579. The statute authorizing standing in this case is General Statutes § 52-118, which provides in relevant part that "[an] assignee . . . may sue . . . in his own name. . . ." The legislature's use of the word "may" in the statute indicates that an assignee merely has the option to sue in his name. Conversely, as the Supreme Court has stated, an assignee also has the option "to maintain [an] action in the name of his assignor." *Jacobson* v. *Robington*, 139 Conn. 532, 539, 95 A.2d 66 (1953).

In this case, Leader, the assignee and proper plaintiff-in-interest, had standing and rightfully pursued the foreclosure action in the name of Dime, the assignor. On March 8, 1995, Leader's attorneys filed an appearance in lieu of Dime's attorneys, thereby replacing them. From that point on, Leader's attorneys represented Leader's interests throughout the case. Leader then sought and received permission from the trial court to substitute itself in place of Dime. Therefore, Arpaia's challenge to the trial court's subject matter jurisdiction for lack of standing on the part of Dime is without merit.[2]

---

[2] Whatever irregularities there may have been in the procedure regarding the trial court's judgment do not rise to the level of a defect in subject matter jurisdiction. "[O]ur rules of practice permit the substitution of parties

The judgment is affirmed.

In this opinion the other judges concurred.

as the interests of justice require," and General Statutes § 52-109 allows a substituted plaintiff to enter a case "[w]hen any action has been commenced in the name of the wrong person as plaintiff . . . ." (Internal quotation marks omitted.) *Federal Deposit Ins. Corp.* v. *Retirement Management Group, Inc.*, 31 Conn. App. 80, 84, 623 A.2d 517, cert. denied, 226 Conn. 908, 625 A.2d 1378 (1993); see also *Health Research Group* v. *Kennedy*, 82 F.R.D. 21 (D.D.C. 1979) (substitution of real party in interest as plaintiff permitted to cure lack of standing of original plaintiff). Further, such an omission in a foreclosure action "may be completely cured and cleared by . . . legal proceedings to which the only necessary parties shall be the party acquiring such foreclosure title . . . ." General Statutes § 49-30.

Any defects in this case were merely circumstantial and curable by General Statutes § 52-123. Section 52-123 provides in relevant part that "[n]o . . . judgment . . . shall be abated, suspended, set aside or reversed for any kind of circumstantial errors, mistakes or defects, if the person and the cause may be rightly understood and intended by the court." The Supreme Court has articulated three factors to determine whether an error is a "circumstantial defect under § 52-123: (1) whether the proper defendant had actual notice of the institution of the action; (2) whether the proper defendant knew or should have known that it was the intended defendant in the action; and (3) whether the proper defendant was in any way misled to its prejudice." *Andover Ltd. Partnership I* v. *Board of Tax Review*, 232 Conn. 392, 397, 655 A.2d 759 (1995). This case satisfies each of the listed factors.