[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: (103) DEFENDANTS' MOTION TO DISMISS AND (108) PLAINTIFF'S MOTION TO SUBSTITUTE PARTY 
The defendants moved to have this action dismissed for the reason that the plaintiff in the original writ of summons and complaint lacked the requisite standing to bring suit.
The plaintiff filed a motion to add or substitute a party plaintiff which was granted by the court (Holzberg, J.)on the papers. The CT Page 538 defendants have requested oral argument as to that ruling as it relates to the merits of their motion to dismiss. Judge Holzberg granted the request and the matter was referred to the undersigned for oral argument.
BACKGROUND
The plaintiff, John Nygren, Jr., filed a two count complaint against the defendants, Mark S. Steier and Steier, Weaver McCormick, LLC, on December 16, 1999. The plaintiff alleged that the defendants breached the applicable standard of care in rendering legal services to the plaintiff on or about January 20, 1997 and February 26, 1997.[1] The plaintiff alleges a professional malpractice claim in the first count and a breach of contract claim in the second count.
On August 30, 1999, the plaintiff filed a voluntary petition for bankruptcy and failed to list this malpractice action or potential action, as an asset. The plaintiff was discharged from bankruptcy on February 1, 2000 and he filed a motion to amend his bankruptcy petition to include this malpractice action on February 18, 2000. On March 23, 2000, the bankruptcy court authorized Roberta Napolitano, Esquire, to employ the plaintiff's attorney as attorney for her as the bankruptcy trustee and for the bankruptcy estate.
On April 4, 2000, the defendants filed a motion to dismiss the plaintiff's complaint for lack of subject matter jurisdiction based on the plaintiff's lack of standing to bring this action "as a result of his failure to include the claims alleged in this lawsuit against the defendants in his bankruptcy petition filed with the U.S. Bankruptcy Court." The defendants filed a memorandum of law in support of its motion to dismiss pursuant to Practice Book § 10-31. On April 7, 2000, the plaintiff filed an amended complaint wherein the plaintiff alleges in the legal malpractice count that "[t]he plaintiff Roberta Napolitano, Esquire, is the court-appointed trustee for the Bankruptcy Estate of John Nygren, Jr." On May 25, 2000, the plaintiff filed a motion to add or substitute a party plaintiff on the grounds that the exclusion of Roberta Napolitano, Esq., the trustee of the bankruptcy estate, as a party plaintiff in this action was due to the mistake of the plaintiff The plaintiff argues that he was mistaken "as to the status of this cause of action as an asset of the [b]ankruptcy [e]state as it was not undertaken until after the initial filing of the bankruptcy petition." On May 31, 2000, the defendants filed an objection to the plaintiff's motion to add or substitute Roberta Napolitano, Esq. as a party plaintiff on the grounds that a motion to dismiss based on the court's lack of subject matter jurisdiction is still pending. On June 2, CT Page 539 2000, the plaintiffs filed a memorandum of law in opposition to the defendants' motion to dismiss. On June 12, 2000, the defendants filed a reply memorandum of law in support of their motion to dismiss.
On July 10, 2000, the court, Holzberg, J., granted the plaintiff's motion to substitute Roberta Napolitano, Esq. as a party plaintiff in this action. On July 26, 2000, the defendants filed a motion to reargue with respect to the plaintiff's motion to substitute a party. On August 10, 2000 the court (Holzberg, J.) ordered that the motion to substitute be set down for oral argument.
The court (Doherty, J.) heard oral arguments and the testimony of the plaintiff John Nygren, Jr., on September 11, 2000 at short calendar.
MOTION TO DISMISS 
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Shayv. Rossi, 253 Conn. 134, 140 n. 8, 749 A.2d 1147 (2000). "[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Emphasis added.) (Citations omitted; internal quotation marks omitted.)Community Collaborative of Bridgeport, Inc. v. Ganim, 241 Conn. 546,552, 698 A.2d 245 (1997). "Where a plaintiff lacks standing to sue, the court is without subject matter jurisdiction." Steeneck v. University ofBridgeport, 235 Conn. 572, 580, 668 A.2d 688 (1995). "The plaintiff has the burden of proving standing." Fink v. Golenbock, 238 Conn. 183, 199,680 A.2d 1243 (1996). "Standing can be lost if a party is divested of the property which is the subject of the action after the action has begun. . . .This principle of loss of standing applies to lawsuits commenced by the debtor before bankruptcy." (Citations omitted.) Willis v. Ribiero, Superior Court, judicial district of Windham at Putnam, Docket No. 043057 (May 30, 1996, Sferrazza, J.).
The threshold issue in this case is whether the court could and should grant the plaintiff's motion to substitute Roberta Napolitano, Esq. as a party plaintiff in this action while a motion to dismiss is pending. Despite the general rule that a motion to dismiss based on lack of subject matter jurisdiction must be fully resolved before the case proceeds, the court should first rule on the plaintiff's motion to substitute a plaintiff because the court "may properly exercise jurisdiction for the limited purpose of determining if the action should be saved from dismissal by the substitution of plaintiffs." Dilieto v.County Obstetrics, Superior Court, judicial district of Waterbury, Docket No. 150435 (January 31, 2000, Sheldon, J.). Several superior courts have CT Page 540 ruled on a motion to substitute a plaintiff while a motion to dismiss for lack of subject matter jurisdiction was pending. "The Court determined, inter alia, that notwithstanding the plaintiff's threshold lack of standing to prosecute this action due to her prior filing of a bankruptcy petition under Chapter 7 of the Federal Bankruptcy Code, it had subject-matter jurisdiction over the action for the limited purpose of deciding her Motion to Substitute Party Plaintiff" Dilieto v. CountyObstetrics, Superior Court, judicial district of Waterbury, Docket No. 150435 (February 29, 2000, Sheldon, J.); see also First Federal Bank v.Rock Hill Association, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 354947 (February 25, 1994, Celotto, J.) (the court first granted the motion to substitute the assignee of the plaintiff's interest as a party plaintiff, and then in effect the court granted the defendant's motion to dismiss); ITT Semiconductors v.Matheson Gas, Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 029553 (October 2, 1991, Maiocco, J.) (the court first allowed the plaintiff to amend its pleadings pursuant to Practice Book § 9-20 and then denied the defendants' motion to dismiss). Furthermore, the Appellate Courts have upheld substitution of party plaintiff to cure an original plaintiff's lack of standing by substituting the real party in interest as a party plaintiff. Federal Deposit Ins.Corporation v. Retirement Management Group, Inc., 31 Conn. App. 80, 84-85,623 A.2d 517, cert. denied 226 Conn. 908, 625 A.2d 1378 (1993) (the court noted that one proper use of our liberal substitution statutes is to cure an original plaintiff's lack of standing by substituting the real party in interest as party plaintiff); Wickes Manufacturing Co. v. CurrierElectric Co. Inc., 25 Conn. App. 751, 760, 596 A.2d 1331 (1991) (upheld the trial court's order permitting the original plaintiff to substitute a new plaintiff even though the record showed that the original plaintiff never had standing to bring the action); Johndrow v. State,24 Conn. App. 719, 722 n. 1, 591 A.2d 815 (1991) (although the court followed the general rule that motions to dismiss for lack of jurisdiction of the court must be addressed before anything else, the court noted that Practice Book § 9-20 would be applicable "where substitution is necessary for the determination of the real matter in dispute."); but see Estate of Schoeller v. Becker, 33 Conn. Sup. 79, 80,360 A.2d 905 (1975) (a jurisdictional defect cannot be cured by amendment).
The court decided to first rule on the motion to substitute a plaintiff and then rule on the defendant's motion to dismiss because the court has subject matter jurisdiction for the limited purpose of deciding the plaintiff's motion to substitute a plaintiff. The plaintiff's motion to substitute party plaintiff was brought under Practice Book § 9-20.
MOTION TO SUBSTITUTE PLAINTIFF 
CT Page 541
Practice Book § 9-20 states: "When any action has been commenced in the name of the wrong person as plaintiff, the judicial authority may, if satisfied that it was so commenced through mistake and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff" See also General Statutes § 52-109. "Our rules of practice . . . permit the substitution of parties as the interests of justice require. . . . These rules are to be construed so as to alter the harsh and inefficient result that attached to the mispleading of parties at common law. . . .General Statutes § 52-109 and Practice Book § 101 [now Practice Book § 9-20] allow a substituted plaintiff to enter a case [w]hen any action has been commenced in the name of the wrong person as plaintiff. . . .Both rules, of necessity, relate back to and correct, retroactively, any defect in a prior pleading concerning the identity of the real party in interest. In the context of analogous rules of federal civil procedure, it has been observed that [w]here the change is made on the plaintiff's side to supply an indispensable party or to correct a mistake in ascertaining the real party in interest, in order to pursue effectively the original claim, the defendant will rarely be unfairly prejudiced by letting the amendment relate back to the original pleading. . . ." (Citations omitted; internal quotation marks omitted.) FederalDeposit Ins. Corporation v. Retirement Management Group, Inc., supra,31 Conn. App. 84-85. "The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of the trial court." Lettieri v. American Savings Bank,182 Conn. 1, 13, 437 A.2d 822 (1980). "The two conditions that must be met to invoke the statutory remedy of substitution [under General Statutes § 52-109] are: first, that the action was commenced in the name of the wrong person by mistake; and second, that the proposed substitution is necessary for the determination of the real matter in dispute." (Internal quotation marks omitted.) Dilieto v. CountyObstetrics, supra, Superior Court, Docket No. 150435.
In order for the court to invoke the statutory remedy of General Statutes § 52-109, the plaintiff's failure to name the bankruptcy trustee as a party plaintiff must have been due to the plaintiff's mistake. Id. "The court must . . . grant the pending [motion] to substitute if it is satisfied that the plaintiff commenced this action in [his] own name through mistake." (Internal quotation marks omitted.) Id. General Statutes § 52-109 does not define the term "through mistake." Id. The Superior Court, however, has "infer[red] that the term through mistake, as used in Section 52-109, means an honest conviction, entertained in good faith and not resulting from the plaintiff's own negligence, that [he] is the proper person to commence the lawsuit. Only if [he] bears the burden of proving that [he] acted upon such a CT Page 542 conviction in commencing the lawsuit can the plaintiff's motion to substitute be granted." Id.
The plaintiff, John Nygren, Jr. testified that the reason he commenced this lawsuit in his name, without informing or naming the bankruptcy trustee, was that he believed he did not have a viable legal cause of action against the defendants. The plaintiff testified that he came to this conclusion based on the legal advice of attorney M. Spatt, whom he hired for this claim and for his bankruptcy petition. Attorney Spatt assisted the plaintiff in filing for bankruptcy and advised him that there was no need to place this malpractice claim on his bankruptcy petition because it was not a viable cause of action. The plaintiff testified that he later hired his present attorney, Cheryl E. Heffernan, and met with her around the end of November to the beginning of December to further pursue this malpractice claim against the defendants, which had a statute of limitations of December 11, 1999.[2] The plaintiff testified that following his last meeting with attorney Spatt in December, 1999, he thought his bankruptcy was over. The plaintiff testified, however; that he did not receive notice from the bankruptcy court regarding the discharge until February 2000.[3] The plaintiff further testified that on January 18, 2000, he filed an amendment to his bankruptcy petition with the assistance of attorney Spatt. The defendants argued that attorney Spatt advised the plaintiff that he is required to list this claim in his petition once the claim was filed. The plaintiff argued that he failed to name the bankruptcy trustee in this action because: (1) he relied upon the legal advice of attorney Spatt; and (2) he filed the complaint on December 9, 1999 and he did not have time to amend the complaint to reflect this before the statute of limitations expired on December 11, 1999.
The court finds that the plaintiff acted reasonably in relying upon the legal advice of attorney Spatt with respect to this lawsuit and his bankruptcy petition. First, he reasonably relied upon attorney Spatt's advice that he had no viable claim against the defendants. The plaintiff is the owner of a commercial riding school and boarding stable; he is not an attorney. In addition, even if the defendants are correct in arguing that attorney Spatt told the plaintiff that he need not list the malpractice action in his petition until suit was filed, the plaintiff was reasonable in relying upon this legal advice and he amended his petition approximately one month after filing this suit. It is further found that the plaintiff acted reasonably under the circumstances in relying upon the advice of attorney Spatt in initially omitting the bankruptcy trustee from this action against the defendants.
There is no legal requirement that an individual must seek a second legal opinion in order for his mistake to be "an honest conviction, CT Page 543 entertained in good faith and not resulting from the plaintiff's own negligence." Dilieto v. County Obstetrics, supra, Superior Court, Docket No. 150435. The plaintiff also sought the legal advice of Cheryl E. Heffernan and is now seeking to rectify the mistake he made based on the advice of attorney Spatt by bringing the current motion to substitute a party plaintiff.
The court next turns to the issue of whether Roberta Napolitano, as bankruptcy trustee, is the real party in interest.
The determination of the real party in interest is necessary because "[s]ubstitution of the real party in interest to pursue a claim is obviously necessary for the determination of the real issue in dispute whenever the original party lacks standing to pursue it. . . .In such circumstances, without the requested substitution, the court would have no subject-matter jurisdiction over the case, and any judgment it might render would be null and void." (Citations omitted; internal quotation marks omitted.) Dilieto v. County Obstetrics, supra, Superior Court, Docket No. 150435.
"Pursuant to 11 U.S.C. § 541(a)(1) all property of the debtor, including chose in action and pending suits, becomes the property of the bankruptcy estate and is under the exclusive control of the bankruptcy trustee. . . .By virtue of 11 U.S.C. § 554(d), this property remains part of the [e]state unless and until the trustee abandons the lawsuit back to the debtor." (Citations omitted.) Willis v. Ribiero, supra, Superior Court, Docket No. 043057; see also Lenhart v. Cirasulo, Superior Court, judicial district of New Haven at New Haven, Docket No. 336818 (August 21, 1996, Hodgson, J.) ("[a] debtor who fails to list a claim as an asset when he files in bankruptcy may not thereafter pursue the claim for his own benefit unless the trustee has abandoned that claim."). "Property of the estate that is not abandoned under [11 U.S.C. § 534(d)] and that is not administered in the case remains property of the estate." Lenhart v. Cirasulo, supra, Superior Court, Docket No. 336818, citing 11 U.S.C. § 534(d). "[A]bsent a determination by the trustee that the particular asset at issue should be abandoned, an asset owned by the petitioner at the time of filing remains as asset of the estate and does not revert to the petitioner after discharge." Id. "A bankrupt debtor's causes of action are property of its estate in bankruptcy, whether or not included by the debtor in its schedule of assets, and transfer to whichever entity takes the estate out of bankruptcy." Carlyle Johnson Machine Co., LLC v. April, Superior Court, judicial district of New Britain, No. 481243 (Feb. 10 2000,Shortall, J.).
In this case, the order of events was as follows: the alleged negligence and breach of contract took place; the plaintiff filed a voluntary petition for bankruptcy; the plaintiff filed suit against the CT Page 544 defendants; the plaintiff was discharged from bankruptcy; the plaintiff amended his petition to include his interest in this legal action and the U.S. Bankruptcy Court ordered that the plaintiff's attorney represent Roberta Napolitano, as bankruptcy trustee. The current lawsuit remains part of the bankruptcy estate because the bankruptcy trustee has not abandoned the property of the estate due to the fact that the trustee "wish[es] to pursue it with the assistance of the plaintiff's lawyer."Dilieto v. County Obstetrics, supra, Superior Court, Docket No. 150435, n. 4. The bankruptcy trustee is the real owner of the property because the property became part of the bankruptcy estate at the time the plaintiff filed for bankruptcy and the property does not revert back to the debtor after the bankruptcy is discharged. Therefore, the plaintiff John Nygren, Jr. lacks standing because he no longer holds an interest in the lawsuit. That fact, in and of itself, does not defeat the action because the court must also look to "the bankruptcy trustee, who alone has standing to prosecute the claim." Id. Due to the plaintiff, John Nygren Jr.'s lack of standing to this lawsuit, the court would "grant the defendant's motion to dismiss unless it finds that the bankruptcy trustee, as legal representative of [his] bankruptcy estate, may properly be substituted as party plaintiff" (Emphasis in original.) Id.
The defendants' objection to the plaintiff's motion to add or substitute Roberta Napolitano, Esquire as a party plaintiff is overruled for the reason that the plaintiff made an honest mistake, made in good faith and not "from his own failure to exercise reasonable diligence to know the truth." Id. The facts as found permit the court to "relate back to and correct, retroactively, any defect in a prior pleading concerning the identity of the real party in interest" and substitute Roberta Napolitano as the plaintiff Federal Deposit Ins. Corporation v.Retirement Management Group, Inc., supra, 31 Conn. App. 84-85.
The defendants argue that, because the plaintiff filed for bankruptcy, he lacks standing because "when an individual files for bankruptcy protection, all of his property, including any causes of action, become assets of the bankruptcy estate and none of the assets remain under the individual petitioner's personal control." (Defendant's memorandum, p. 4).
The plaintiff presented an additional argument that the motion should be denied because "he has retained an interest in the present cause of action by way of a right to the residual of the bankruptcy estate and his claim of exemption for this claim set forth in his amended petition." (Plaintiff's memorandum, p. 2).
Having found that the motion to add or substitute a party is proper and that the effect of such amendment is dispositive of the issue of standing CT Page 545 the court does not take up the plaintiff's additional argument at this time.
For the foregoing reasons, the plaintiff Nygren's motion to substitute Roberta Napolitano, Esq., Bankruptcy Trustee as party plaintiff is granted.
The substitution of a party plaintiff with the requisite standing having been ordered, the defendants' motion to dismiss for lack of subject matter jurisdiction is hereby denied.
By the Court,
Joseph W. Doherty