[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This motion to dismiss must fail for the reason that the ordinary rules which govern standing do not apply simply because § 49-30 creates standing in "the party acquiring . . . foreclosure title, or his successor in title." The statute does not contain a precondition that the party acquiring the title be the title owner at the time the action is brought. Thus, traditional concepts governing lack of interest in the subject matter and merger have no application to this statute. See, DimesSavings Bank v. Arpaia, 55 Conn. App. 180 (1989). CT Page 2768
As the Appellate Court noted in FDIC v. Bombero, 37 Conn. App. 764, 771
(1995) "the language of § 49-30 unambiguously declares that it provides for a cure for the omission of an encumbrancer . . . cure means to restore to a prior state of health or soundness." Moreover, the court rejected the notion that § 49-30 creates an opportunity for an omitted party to reap a substantial windfall. Applying the court's analysis at page 772 to this case, this court sees no reason why a deficient owner of an equity of redemption should suddenly find that a mistake on the part of the foreclosing bank's attorney or the process server should shield her forever from having to satisfy her deficiency. Foreclosure is an equitable procedure and to permit the defendant to avoid her deficiency is not equitable. Id. at 772
The defendant's dire predictions of bizarre results in the event that she decides to redeem do not militate against this conclusion. If the defendant wishes to redeem she may petition the court for a determination as to how she may recover her equity. The court at that time will be free to invoke its broad equitable powers to fashion a remedy, it having all necessary parties before it. It may order the amount paid into court pending such determination, and ultimately if it becomes appropriate for the court to restore the defendant's equity, it may order such alternative relief as may be warranted.
The Motion to Dismiss is denied.
BY THE COURT,
Mottolese, Judge