BANKERS TRUST OF CALIFORNIA, N.A. *v.*
RETHA M. NEAL ET AL.
(AC 20439)

Lavery, C. J., and Dranginis and O'Connell, Js.

Argued February 15—officially released July 3, 2001

*Sid M. Miller,* for the appellants (defendant Joshua Hecht et al.).

*Geoffrey K. Milne,* for the appellee (substitute plaintiff).

*Opinion*

O'CONNELL, J. In 1998, Bankers Trust of California, N.A. (Bankers Trust), commenced an action against the defendants, Retha M. Neal and Charles Neal, Jr., to foreclose an $85,700 mortgage on property that the Neals owned in New Haven.[1] Also named as defendants were Joshua Hecht and Bluma Hecht, who held a $20,000 purchase money second mortgage on the prem-

---

[1] The Neals were defaulted for failure to appear and subsequently received a discharge in bankruptcy.

ises. Because the Neals did not participate in this action, we refer to the Hechts as the defendants.

The defendants claim that the trial court improperly rendered judgment (1) without an evidentiary hearing on the amended complaint and (2) in reliance on the plaintiff's affidavit that the mortgage note had been lost. We affirm the judgment of the trial court.

I

While this appeal was pending, the trial court opened the judgment and set new law days. The defendants took an amended appeal, claiming that the court improperly rendered a modified foreclosure judgment that changed the law days (1) on oral motion, (2) without good cause and (3) without prior notice to the defendants. Regardless of which party prevails on the issues raised in the amended appeal, new law days will have to be set. Therefore, there is no practical relief that this court could grant on the defendants' claims.

Despite acknowledging that those issues may be moot, the defendants "offer this court an opportunity for salutary observations" concerning foreclosure proceedings. The Appellate Court has no jurisdiction to adjudicate a case that is not justiciable. See *State* v. *Nardini*, 187 Conn. 109, 111, 445 A.2d 304 (1982). Moot or academic questions do not present justiciable issues, and the court may not be used to obtain judicial opinions on points of law. *State* v. *Macri*, 189 Conn. 568, 569, 456 A.2d 1203 (1983). Accordingly, we decline the defendants' invitation to render salutary observations on the law of foreclosure. The amended appeal is dismissed as moot.

II

The following facts and procedural history are necessary for disposition of the initial appeal. Bankers Trust assigned its mortgage to United Companies Lending

Corporation (United), and on January 3, 2000, the trial court substituted United as the plaintiff. United lost the mortgage note and, at the foreclosure hearing, submitted an affidavit stating that although it could not find the note, it had been assigned the mortgage and was entitled to judgment. On January 3, 2000, the court found the value of the property to be $127,000 and found the debt to United to be $128,347.31. The court set law days commencing March 6, 2000.

The defendants do not claim that the mortgage to Bankers Trust was invalid, nor do they claim that United lacks authority pursuant to General Statutes § 52-118[2] to foreclose it in its own name as an assignee; see *Dime Savings Bank of Wallingford* v. *Arpaia*, 55 Conn. App. 180, 184, 738 A.2d 715 (1999); or to foreclose it in the name of Bankers Trust. See *Jacobson* v. *Robington*, 139 Conn. 532, 539, 95 A.2d 66 (1953). Instead, they argue that United did not timely present them with the lost note affidavit and that they were surprised to see it at the foreclosure hearing. They now have had adequate time to study the affidavit, and a reversal because they were surprised last time would accomplish nothing. The law is clear that it is unnecessary for a plaintiff to possess a note at the time it was lost. *New England Savings Bank* v. *Bedford Realty Corp.*, 238 Conn. 745, 759–60, 680 A.2d 301 (1996).

The defendants raise numerous questions concerning possible technical errors in the pleading and processing of the case in the trial court, but we are unable to discern what practical relief we can grant to the defendants. The best they could achieve would be a remand for new proceedings. The defendants do not dispute that the note is in default and that United has a right to foreclose

---

[2] General Statutes § 52-118 provides in relevant part: "The assignee and equitable and bona fide owner of any chose in action, not negotiable, may sue thereon in his own name. . . ."

the mortgage. New proceedings would not change those facts; the sole result would be a delay in the eventual and inevitable outcome of the case.

It is difficult to equate this appeal with the letter and spirit of Practice Book § 1-8, which provides that "[t]he design of these rules being to facilitate business and advance justice, they will be interpreted liberally in any case where it shall be manifest that a strict adherence to them will work surprise or injustice." Requiring United to go through another foreclosure to correct technical defects, even if they existed, would work injustice and would conflict with the intent of Practice Book § 1-8.

The court stressed to the defendants that the debt exceeded the value of the property. The deficit was calculated as of January 3, 2000, and did not include attorney's fees, costs and expenses. Accruing per diem interest, appellate counsel fees, and costs and other expenses will result in an ever widening disparity as time passes. When the debt of a prior mortgage exceeds that of a later encumbrance, the latter is worthless because the property contains no equity to satisfy the later encumbrance. *Federal Deposit Ins. Corp.* v. *Bombero*, 37 Conn. App. 764, 771, 657 A.2d 668 (1995), appeal dismissed, 236 Conn. 744, 674 A.2d 1324 (1996).

In the matter before us, the defendants could have foreclosed the second mortgage that they hold on the property at any time. We are not furnished with a meaningful answer as to why they have not done so. The only response to our inquiry as to why they did not foreclose their own mortgage was that "it was not practical" to do so. We agree with the court, which stated in response to the defendants' motion for articulation, that "[i]f the second mortgagee does not believe that [foreclosure of the second mortgage] is a good option from a financial standpoint, that should not be of any

concern to [United], because this is precisely the risk for which the second mortgagee bargained."

United points out that the defendants have frustrated its attempt to prosecute this case to conclusion by continuing to appeal each time the court resets the law days. Practice Book § 61-11 (a) provides for an automatic stay on the enforcement of a judgment until the final determination of an appeal.[3] Practice Book § 61-11 (c) confers authority on the court to terminate the automatic stay if the judge is of the opinion that the appeal is taken only for delay or that the administration of justice so requires.[4]

In the present case, on two occasions, the court terminated automatic stays on the grounds that appeals were taken for the purpose of delay and that due administration of justice required enforcement of the judgment by the setting of law days. With that history in mind, United asks that the defendants be enjoined from filing further appeals from the setting of law days. Under the circumstances, that is not an unreasonable request.

The judgment is affirmed and the case is remanded with direction to set new law days, and the defendants are enjoined from filing further appeals from the setting of new law days without prior approval from the trial court. See *Rothstein* v. *Trantino,* 228 Conn. 854, 855 n.1, 635 A.2d 813 (1994).

In this opinion the other judges concurred.

---

[3] Practice Book § 61-11 (a) provides in relevant part: "Except where otherwise provided by statute or other law, proceedings to enforce or carry out the judgment shall be automatically stayed until the time to take an appeal has expired. If an appeal is filed, such proceedings shall be stayed until the final determination of the cause. . . ."

[4] Practice Book § 61-11 (c) provides in relevant part: "If the judge who tried the case is of the opinion that (1) an extension to appeal is sought, or the appeal is taken, only for delay or (2) the due administration of justice so requires, the judge may at any time, upon motion and hearing or sua sponte, order that the stay be terminated."