[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant has moved to dismiss the case pursuant to Practice Book § 10-30 et. seq. on the basis that there is a lack of subject matter jurisdiction and for cause. He claims that on March 23, 2001, when the mesne process in this action was filed, John Carbo, the party designated on the writ, summons and complaint as the party plaintiff, was not in fact or law the Administrator of the Estate of Paula Kalosky and, therefore, as a matter of law, he could not legally hold the position of the plaintiff in this action.
When the process was served with the clerk of the court, the attorneys listed in the process as representing John Carbo, Administrator, were Trebisacci Reck. Since there was no direction by Trebisacci Reck not to enter the appearance of their firm on behalf of "nonparty" Carbo, their appearance was entered in accordance with Connecticut Superior Court Rules of Civil Practice, Section 3-1. The defendant claims that since Carbo was not able as a matter of law to be the plaintiff, the attorneys had no lawful power or authority to file a motion to cite in CT Page 9588 the substitute executor, James Gagnon, or to reclaim any such motions, or to otherwise engage procedurally in any way in this action on his behalf. When Attorneys Trebisacci Reck and their client, John Carbo, Administrator, moved for the motions to amend to be placed on short calendar and subsequently when the motion was granted, the substitute executor had already tendered his letter of resignation, thereby eliminating him from being lawfully made a party plaintiff in this action. Consequently, the order of the Superior Court substituting James Gagnon as the named party plaintiff in his capacity as executor of the Estate of Paula Kolosky cannot be implemented as a matter of law, and there is no proper legal party plaintiff in the action. Accordingly, the defendant moves that the action be dismissed.
The plaintiff, on the other hand, claims the facts to be as follows: On February 13, 1999, Paula Kolosky died in her bedroom from a single gunshot wound to the head. The husband, Robert Kolosky, was appointed as executor of the estate. John Carbo, the brother of Paula Kolosky, filed a claim in the East Haddam Probate Court claiming that Robert Kolosky was responsible for his wife's death. After a lengthy hearing, on February 12, 2001, the Probate Judge, Paul Buhl, determined that a "colorable claim" was shown. Robert Kolosky was removed as executor and Carbo was appointed temporary administrator in order to serve the summons and complaint on Robert Kolosky. The probate court held the summons and complaint until a successor administrator was appointed in accordance with the order of the probate judge dated February 13, 2001.
On March 14, 2001, James Gagnon was appointed the executor and Judge Buhl ruled that "James Gagnon may direct the court's disposition of the summons and complaint." This was in accordance with the probate judge's order dated March 14, 2001.
The new administrator, James Gagnon, specifically ordered Attorney Trebisacci to file a summons and complaint. Trebisacci then filed a summons and complaint on March 23, 2001. The plaintiff then moved to substitute James Gagnon for John Carbo as the administrator of the estate. This motion was granted on May 3, 2001 in accordance with the order of Judge Robert Martin. James Gagnon was still the administrator of the estate at that time.
On May 23, 2001, James Gagnon petitioned to be removed as administrator and this motion was granted. A new administrator, Trevor Redzers, was appointed by the probate court. Now the plaintiff seeks to substitute Trevor Redzers as the plaintiff.
Since the probate court has appointed a new administrator, Trevor Redzers, and he has asked Trebisacci Reck to be named as a party CT Page 9589 plaintiff in the action, the plaintiffs on his behalf have moved to do so. They therefore ask the court to grant the plaintiff's motion to substitute him as the plaintiff, which would render defendant's motion moot.
 "Generally, a motion that raises the jurisdiction of the court must be dealt with prior to other motions seeking to amend the complaint or substitute parties. The case of Figueroa v. C S Ball Bearing, 237 Conn. 1, 4 (1996). However, where the substitution is necessary for the determination of the real matter in dispute the issues of substitution may be addressed under the catchall that the courts should liberally interpret the rules of practice in any case where it shall be manifest that a strict adherence to them would work injustice." ITT Semiconductors v. Mathewson Gas, (Sup.Ct., Judicial District of Ansonia-Milford at Milford, D.N. 029553, October 2, 1991, Maiocco, J.)
The court finds that any dismissal of this lawsuit would be pointless because under the accidental failure of statute the new administrator could simply refile the complaint. Issac, Administratrix v. Mount SinaiHospital, 210 Conn. 721 (1989).
The overwhelming amount of Connecticut case law supports substitution of the party to cure any defects. Federal Deposit Insurance Corp. v.Retirement Management Group, Inc., 31 Conn. App. 80, 84-85 (1993); andNygren v. Scier, 2001 Conn. Super. Ct., 537 (2001).
Accordingly, the court finds that in the interest of justice, as well as judicial economy, administrator Redzers shall be appointed as the plaintiff and the motion to dismiss is hereby denied.
D. Michael Hurley Judge Trial Referee