# CHARLES LUPINACCI ET AL. *v.* CITY OF STAMFORD ET AL.

Superior Court, Judicial District of Stamford-Norwalk

File No. CV-990172376

Memorandum filed August 7, 2002

*Leonard Cookney,* for the plaintiffs.

*Corporation counsel of the city of Stamford,* for the named defendant.

*Sherman & Richichi,* for the defendant M. Rondano, Inc.

HON. WILLIAM B. LEWIS, JUDGE TRIAL REFEREE. The defendant city of Stamford moves to dismiss the present action on the ground that the plaintiffs, Charles Lupinacci and Alfred Lupinacci, lack standing to sue. The city argues that at the time the present action was commenced, the plaintiffs were not the owners of the premises at issue and that those premises were owned by Colonial Land Limited Partnership (Limited), a Delaware partnership. In support, the city has submitted copies of the land records of the city of Stamford, which reveal that on December 30, 1998, there were recorded instruments reflecting the transfer of ownership of the subject property to Colonial Land Company and the contemporaneous conversion of the Colonial Land Company into Limited.

Following the city's filing of its motion to dismiss, the plaintiffs filed a motion to substitute Limited as the party plaintiff. The plaintiffs acknowledge that at the time the present action was brought, Limited was the owner of the subject premises and that the plaintiffs "were not sufficiently aware at that time that suit was being brought in the individual names and not as a liability partnership."

The city then filed an objection to the motion to substitute Limited as the party plaintiff. The city raises its pending subject matter jurisdiction issue challenging the existing plaintiffs' standing and argues that the motion to substitute the party plaintiff must be deferred until the court rules on the motion to dismiss. In sup-

port, the city cites "well established law [that] the court cannot proceed to address other aspects of this litigation until the subject matter jurisdictional issue is resolved."

Thus, there are two issues. The first is whether the plaintiffs' motion to substitute as the party plaintiff may be considered while a motion to dismiss for lack of subject matter jurisdiction is pending. The second is the propriety of the motion to substitute. "Generally, a motion [to dismiss] that raises the [subject matter] jurisdiction of the court must be dealt with prior to other motions seeking to amend the complaint or substitute parties; *Figueroa* v. *C & S Ball Bearing*, 237 Conn. 1, 4, 675 A.2d 845 (1996); however, where substitution is necessary for the determination of the real matter in dispute, the issues of substitution may be addressed under the reasoning that the courts should liberally interpret the rules of practice in any case where it shall be manifest that a strict adherence to them would work injustice." (Internal quotation marks omitted.) *Allen Construction, Inc.* v. *Cabanilla*, Superior Court, judicial district of Fairfield, Docket No. CV 00 0376419S (June 7, 2001) (*Rush, J.*). Thus, "[d]espite the general rule that a motion to dismiss based on lack of subject matter jurisdiction must be fully resolved before the case proceeds, the court should first rule on the plaintiff's motion to substitute a plaintiff because the court may properly exercise jurisdiction for the limited purpose of determining if the action should be saved from dismissal by the substitution of plaintiffs." (Internal quotation marks omitted.) *Nygren* v. *Steier*, Superior Court, judicial district of Waterbury, Docket No. CV 00 0156706 (January 10, 2001) (*Doherty, J.*) (28 Conn. L. Rptr. 699, 700).

Many Superior Courts have ruled on a motion to substitute a party plaintiff while motions to dismiss for lack of subject matter jurisdiction are pending. See,

e.g., *Weiss* v. *Weiss*, Superior Court, judicial district of Windham, Docket No. CV 0065932 (January 9, 2002) (*Kocay, J.*) (considering motion to dismiss and motion to substitute concurrently); *Nygren* v. *Steier*, supra, 28 Conn. L. Rptr. 700 (determining court has subject matter jurisdiction for limited purpose of deciding motion to substitute before ruling on motion to dismiss); *Reiner* v. *West Hartford*, Superior Court, judicial district of New Britain, Docket No. CV 00 0502686S (March 22, 2001) (*Hon. Arnold W. Aronson*, judge trial referee) (permitting substitution of party plaintiff where motion to dismiss was filed prior to motion to substitute); *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, Superior Court, judicial district of Waterbury, Docket No. (X02) CV 97 0150435S (January 31, 2000) (*Sheldon, J.*) (concluding court has subject matter jurisdiction for limited purpose of determining if action should be saved from dismissal by substitution of plaintiffs); *First Federal Bank* v. *Rock Hill Assn., Inc.*, Superior Court, judicial district of New Haven, Docket No. CV 93 0354947S (February 25, 1994) (*Hon. Donald W. Celotto*, judge trial referee) (granting motion to substitute before addressing motion to dismiss); *ITT Semiconductors* v. *Matheson Gas Products*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV 89 029553S (October 2, 1991) (*Maiocco, J.*) (5 Conn. L. Rptr. 80, 82) (allowing substitution of party plaintiff to save action from dismissal).

Though the Appellate Court has yet to rule definitively on the issue, a series of decisions has established that the granting of a motion to substitute a party plaintiff may save a case from dismissal despite the general rule that courts must decide jurisdictional issues first. In *Johndrow* v. *State*, 24 Conn. App. 719, 722 n.1, 591 A.2d 815 (1991), the court affirmed dismissal of the intervening complaint despite the timely filing of a motion to substitute a party plaintiff because the proposed substitution was not necessary for the determination of the real matter in dispute, one of the

requirements for permitting substitution as set forth in General Statutes § 52-109. "The obvious implication arising from this observation is that the result might have been different had the proposed substitution been for the real party in interest . . . ." *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, Superior Court, Docket No. (X02) CV 97 0150435S.

Subsequently, in *Wickes Mfg. Co.* v. *Currier Electric Co.*, 25 Conn. App. 751, 760, 596 A.2d 1331 (1991), the Appellate Court upheld the trial court's order permitting the original plaintiff to substitute a new plaintiff even though the record showed that the original plaintiff never had standing to bring the action in the first place. Later, two Appellate Court decisions expressly recognized that our liberal substitution statutes are properly utilized to cure an original plaintiff's lack of standing by substituting the real party in interest as the party plaintiff. See *Investors Mortgage Co.* v. *Rodia*, 31 Conn. App. 476, 483–84, 625 A.2d 833 (1993); *Federal Deposit Ins. Corp.* v. *Retirement Management Group, Inc.*, 31 Conn. App. 80, 84–85, 623 A.2d 517, cert. denied, 226 Conn. 908, 625 A.2d 1378 (1993).

"When an action has been commenced in the wrong name, it is proper to substitute the real party in interest to avoid the harsh and inefficient result that attach[es] to the mispleading of parties at common law." (Internal quotation marks omitted.) *Reiner* v. *West Hartford*, supra, Superior Court, Docket No. CV 00 0502686S, citing *Federal Deposit Ins. Corp.* v. *Retirement Management Group, Inc.*, supra, 31 Conn. App. 84. "[O]ur rules of practice permit the substitution of parties as the interests of justice require . . . ." (Internal quotation marks omitted.) *Dime Savings Bank of Wallingford* v. *Arpaia*, 55 Conn. App. 180, 184–85 n.2, 738 A.2d 715 (1999). "The decision whether to grant a motion for the addition of a party to pending legal proceedings rests generally in the sound discretion of

the trial court." *Lettieri* v. *American Savings Bank*, 182 Conn. 1, 13, 437 A.2d 822 (1980).

Section 52-109 addresses the substitution of plaintiffs. "When any action has been commenced in the name of the wrong person as plaintiff, the court may, if satisfied that it was so commenced through mistake, and that it is necessary for the determination of the real matter in dispute so to do, allow any other person to be substituted or added as plaintiff." General Statutes § 52-109. As a remedial statute, § 52-109 must be "construed liberally in favor of those whom the law is intended to protect . . . ." (Citation omitted; internal quotation marks omitted.) *Solomon* v. *Gilmore*, 248 Conn. 769, 774–75, 731 A.2d 280 (1999). "The two conditions that must be met to invoke the statutory remedy of substitution [under . . . § 52-109] are: first, that the action was commenced in the name of the wrong person by mistake; and second, that the proposed substitution is necessary for the determination of the real matter in dispute.' (Internal quotation marks omitted.) *Nygren* v. *Steier*, supra, 28 Conn. L. Rptr. 701, quoting *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, Superior Court, Docket No. (X02) CV 97 0150435S."

The first requirement is that the plaintiffs' failure to name Limited as a party plaintiff must have been due to the plaintiffs' mistake. "The court must . . . grant the pending [motion] to substitute if it is satisfied that the plaintiff commenced this action in [his] own name through mistake." (Internal quotation marks omitted.) *Nygren* v. *Steier*, supra, 28 Conn. L. Rptr. 701. Though the term "through mistake" is not defined within § 52-109, the Superior Court has addressed the issue and inferred that the term means "an honest conviction, entertained in good faith and not resulting from the plaintiff's own negligence, that [he] is the proper person to commence the lawsuit. Only if [he] bears the burden

of proving that [he] acted upon such a conviction in commencing the lawsuit can the plaintiff's motion to substitute be granted." (Internal quotation marks omitted.) Id.

The second requirement is that the proposed substitution be necessary for the determination of the real matter in dispute. This requirement involves a determination of whether the proposed plaintiff is the real party in interest because "[s]ubstitution of the real party in interest to pursue a claim is obviously necessary for the determination of the real issue in dispute whenever the original party lacks standing to pursue it. . . . In such circumstances, without the requested substitution, the court would have no subject matter jurisdiction over the case, and any judgment it might render would be null and void." (Internal quotation marks omitted.) Id., quoting *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, Superior Court, Docket No. (X02) CV 97 0150435S. "The 'real party in interest' with respect to a claim is the true legal owner of the claim—one who has a sufficient legal interest in the claim to have standing to pursue it. See generally *Richards* v. *Planning & Zoning Commission*, 170 Conn. 318, 327, 365 A.2d 1130 (1976) . . . ." *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, Superior Court, Docket No. (X02) CV 97 0150435S.

As a general matter, § 52-109 has been interpreted to allow a substituted plaintiff to enter a case "[w]hen any action has been commenced in the name of the *wrong* person as plaintiff . . . ." (Emphasis added; internal quotation marks omitted.) *Dime Savings Bank of Wallingford* v. *Arpaia*, supra, 55 Conn. App. 185 n.2, quoting *Federal Deposit Ins. Corp.* v. *Retirement Management Group, Inc.*, supra, 31 Conn. App. 84. There is, however, some disagreement as to the precise scope of § 52-

109 regarding what types of misdescriptions of party plaintiffs should be allowed substitution.

One line of cases draws a distinction between substitutions that correct a misnomer or defect in description and substitutions that amount to an entire change of party. Many of these cases rely on *World Fire & Marine Ins. Co.* v. *Alliance Sandblasting Co.*, 105 Conn. 640, 136 A. 681 (1927), in which our Supreme Court noted that "[t]he effect given to . . . a misdescription usually depends upon the question whether it is interpreted as merely a misnomer or defect in description, or whether it is deemed a substitution or entire change of party; in the former case an amendment will be allowed, in the latter it will not be allowed." (Internal quotation marks omitted.) Id., 643–44.

In accordance with *World Fire & Marine Ins. Co.*, several Superior Court cases interpret § 52-109 as allowing substitution only where "such substitution would cure a mere misnomer rather than bring in an entirely different party." *Palmieri* v. *Relende*, Superior Court, judicial district of Fairfield, Docket No. CV 97 0341312 (June 27, 1997) (*Maiocco, J.*); see also *Weiss* v. *Weiss*, supra, Superior Court, Docket No. CV 0065932 (denying motion to substitute party plaintiff because § 52-109 should be limited to situation of "mere mistake, misnomer or defect in description"); *PAS Associates* v. *Twin Laboratories, Inc.*, Superior Court, judicial district of Stamford-Norwalk, Docket No. CV 99 0174428 (January 4, 2000) (*Mintz, J.*) (allowing substitution of party plaintiff because "the defect in the pleadings was merely a misnomer or defect of description"); *ITT Semiconductors* v. *Matheson Gas Products*, supra, 5 Conn. L. Rptr. 80 (allowing, in an instance of misnomer, substitution of plaintiff's name from "ITT Semiconductors, A Division of ITT Corporation" to "ITT Corporation, Doing Business as ITT Semiconductors").

The second line of cases interprets § 52-109 more broadly. Most of these cases have allowed substitution of plaintiffs that goes beyond mere corrections of misnomer and involve the actual substitution of parties. These cases seem most concerned that the proposed substitutions satisfy the requirements of § 52-109, namely, that the error was due to honest mistake and that the substitution be necessary for a determination of the real matter in dispute. See, e.g., *BKM Floorcovering, Inc.* v. *Orlando Annulli & Sons, Inc.*, Superior Court judi-cial district of Hartford, Docket No. CV 98 0576713 (May 2, 2001) (*Berger, J.*) (allowing substitution of corporate names and stating that § 52-109 "contemplates a situation where the entirely wrong person institutes a cause of action" and anticipates "that an entirely different person or entity will be able to enter the action"); *Nygren* v. *Steier*, supra, 28 Conn. L. Rptr. 701; *Engelman* v. *Zink*, Superior Court, judicial district of Ansonia-Milford, Docket No. CV 93 0042735 (June 2, 1998) (*Hon. Hugh C. Curran*, judge trial referee) (allowing substitution of plaintiff in his capacity as trustee for plaintiff in his capacity as executor of estate); *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, Superior Court, Docket No. (X02) CV 97 0150435S (allowing substitution of entirely different party under § 52-109 after considering whether defendant would be prejudicially affected by substitution of plaintiff); *Reiner* v. *West Hartford*, supra, Superior Court, Docket No. CV 00 0502686S (allowing substitution of entirely different party under § 52-109 after concluding misdescription due to "clerical error or mistake"); *Group Discount Dialing* v. *Group Long Distance, Inc.*, Superior Court, judicial district of New Haven at Meriden, Docket No. CV 96 0255165 (March 14, 1997) (*Maloney, J.*) (summarily allowing substitution under § 52-109 of individual for company that same individual does business as—entirely different parties).

"[A] court may order substitution of plaintiffs in lieu of dismissal whenever the statute's conditions are met." *DiLieto* v. *County Obstetrics & Gynecology Group, P.C.*, supra, Superior Court, Docket No. (X02) CV 97 0150435S.

For the foregoing reasons, Limited is substituted as the party plaintiff, and the city's motion to dismiss is denied.