[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action on a note brought by the plaintiff, Sarasota Coolidge Equities II, LLC (hereinafter "Sarasota") against William M. Raveis. The matter was tried to an attorney trial referee, who issued a report recommending that the Court enter judgment in favor of the plaintiff. The defendant objects to the report, claiming that Sarasota failed to establish the elements of its claim by a fair preponderance of the evidence, specifically that testimony and exhibits do not establish that Sarasota is the holder of the note. The defendant claims that the attorney trial referee erred in admitting into evidence a copy of a promissory note and an affidavit of lost note. Raveis argues that a copy of a promissory note is inadmissible hearsay under the circumstances existing in this matter. Raveis further argues that Sarasota failed to establish by competent evidence that it is a holder of the note.
"To prevail in an action to enforce a negotiable instrument, the plaintiff must be a holder of the instrument or a nonholder with the rights of a holder." (Internal quotation marks omitted.) Cadle Co. v.Errato, 71 Conn. App. 447, 456, 802 A.2d 887 (2002). General Statutes § 42a-1-201 (20) defines the term "holder", with respect to a negotiable instrument, as "the person in possession if the instrument is payable to bearer or, in the case of an instrument payable to an identified person, if the identified person is in possession." The defendant argues that because the plaintiff did not present the original note, and in fact, never had possession of the original note, it is not a holder. "[T]he failure to present the original [does] not preclude a finding that the plaintiff was a holder in due course of the note . . ."Cadle Co. v. Errato, supra, 71 Conn. App. 458. "The law is clear that it is unnecessary for a plaintiff to possess a note at the time it was lost." Bankers Trust of California, N.A. v. Neal, 64 Conn. App. 154,157, 779 A.2d 813 (2001). "[T]he production of a photocopy of a note, rather than the original, may suffice to establish a plaintiff's status as a holder in due course." Cadle Co. v. Errato, supra, 71 Conn. App. 459. CT Page 15334-dz
In Cadle Co. v. Errato, supra, 71 Conn. App. 459, the court held that the plaintiff demonstrated that it possessed the note and that it satisfied the elements of a holder in due course because the plaintiff produced a copy of the note along with testimony of a bank official who had personal knowledge of the note and was able to testify about the plaintiff's possession of the note. In this case, the plaintiff has presented a copy of the note along with a lost note affidavit stating that although it could not find the note, it had been assigned the mortgage and was entitled to judgment. Additionally, the plaintiff also submitted a certified copy of the version of the note recorded with the mortgage deed on the land records of the Town of Madison. The plaintiff also offered the testimony of former FDIC employee, Mario Giordano. Giordano testified that while he was employed by the FDIC, he oversaw the loan portfolios of failed banks. The original holder of the note was a failed bank. When the bank failed, the FDIC took over its assets and debts. Giordano was familiar with the note in question because it was assigned to him for collection purposes. According to Giordano, the note was missing at the time of collection and the FDIC obtained a copy of the note from the failed bank after a diligent search for the note was conducted.
Giordano testified this note was transferred from the failed "bank to the FDIC. He further testified that the defendant made payments on the note to the FDIC until 1995. Giordano also testified that he contacted the defendant to inform him that the note was being assigned from the FDIC to the plaintiff. The plaintiff submitted a copy of the allonge to the note assigning the note from the FDIC to the plaintiff. "Despite the absence of the original note, sufficient evidence existed, through the copy of the note presented, the testimony of [the witness] and a copy of the loan and sale agreement with the bank, to support a finding that the plaintiff possessed the note." Cadle Co. v. Errato, supra,71 Conn. App. 459.
The Court finds that, based on the supporting evidence, the attorney trial referee was correct in admitting a copy of the note into evidence. The copy of the note, the certified copy of the note recorded in the Town of Madison, and the testimony of Giordano support a finding that the plaintiff possessed the note. The report of the attorney trial referee is accepted.
Judgment enters for the plaintiff.
 ___________________, J. GALLAGHER
CT Page 15334-da