WASHINGTON MUTUAL BANK, F.A. *v.* ROBERT J. WALPUCK ET AL.
(AC 33146)

Beach, Sheldon and Bishop, Js.

Argued January 18—officially released March 27, 2012

___

*Robert J. Walpuck*, pro se, the appellant (named defendant).

*S. Bruce Fair*, for the appellee (plaintiff).

*Opinion*

PER CURIAM. In this foreclosure action the defendant Robert J. Walpuck[1] appeals from the judgment of the trial court denying his motion to open the confirmation of the sale of the foreclosed property. The defendant claims that the plaintiff, Washington Mutual Bank, F.A., did not have standing to take title to the property because, having been acquired by JP Morgan Chase Bank, N.A., prior to the court's approval of the sale, the plaintiff did not exist at that time.[2] As the trial court held, this court's opinion in *Dime Savings Bank of Wallingford* v. *Arpaia*, 55 Conn. App. 180, 738 A.2d 715 (1999), is dispositive of the defendant's claim. In that case, this court held that an assignee has the option to pursue litigation in its own name or in the name of its assignor. Id., 184. Accordingly, the defendant's claim must fail.

The judgment is affirmed.

---

[1] Servco Oil Company, Lockwood Sterling & Betts, LLC, Angelo DeCaro, and ADC-27 Indian Valley Road, LLC, also are defendants in this matter. Because they are not parties to this appeal, we refer in this opinion to Walpuck as the defendant.

[2] The defendant also claims that the four month limitation for opening a judgment prescribed by General Statutes § 52-212a does not apply when a motion to open is directed to the confirmation of a foreclosure sale rather than the underlying judgment of foreclosure. Because we address the defendant's claim on its merits, we need not address this claim.